**UNITED STATES of America,**
**Plaintiff–Appellee,**

**v.**

**Raynell HOLMES, Defendant–Appellant.**

**No. 91–3624.**

United States Court of Appeals,
Fifth Circuit.

Feb. 12, 1992.

---

Virginia Laughlin Schlueter, Deputy Federal Public Defender, Roma A. Kent, Asst. Federal Public Defender, New Orleans, La., for defendant-appellant.

Peter G. Strasser, Patrice M. Harris, Asst. U.S. Attys., Harry Rosenberg, U.S. Atty., New Orleans, La., for U.S.

Before REAVLEY, HIGGINBOTHAM, and DeMOSS, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

Raynell Holmes argues that when a district court revokes a term of supervised release he may not follow the prison sentence with service of the "remainder" of his initial period of supervised release. We agree, and reverse the judgment of the district court.

## I.

In November of 1988, Holmes pled guilty to one count of escape, which carries a maximum term of imprisonment of five years. 18 U.S.C. § 751(a). He was sentenced to two years incarceration and three years supervised release. He served his time in prison and was set free. Five months later and following a hearing at which Holmes admitted violating the terms of his release, the district court ordered his return to prison for thirteen months. It also ordered that he be placed back on supervised release for thirty-one months upon his release from prison. Thirty-one months remain of Holmes' original supervised release term. The sole issue on appeal is whether the district court erred in ordering a second term of supervised release.

## II.

A district court's options in modifying or revoking a term of supervised release are set forth in 18 U.S.C. § 3583(e). The court may

(1) terminate a term of supervised release and discharge the person released at any time after the expiration of one year of supervised release …;

(2) extend a term of supervised release if less than the maximum term was previously imposed, and may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release …;

(3) revoke a term of supervised release, and require the person to serve in prison all or part of the term of supervised release without credit for time previously served on postrelease supervision …; *or*

(4) order the person to remain at his place of residence during nonworking hours….

Holmes argues that this statute does not authorize a district court to reimpose a term of supervised release after revoking his original term of release. Two courts of appeals have addressed this issue and have reached opposite conclusions.

In *United States v. Behnezhad,* 907 F.2d 896 (9th Cir.1990), the Ninth Circuit invoked the canon of statutory construction that statutes written in the disjunctive set forth separate and distinct alternatives. Consequently, § 3583(e) is properly inter-

preted as providing alternatives from which a district court could choose in altering a previously imposed term of supervised release. In its view, the district court is not allowed to combine these options to fashion more flexible remedies. It therefore concluded that it is error "to revoke a person's supervised release, order a term of incarceration *and* then order another term of supervised release." *Id.* at 898.

The Tenth Circuit disagreed in *United States v. Boling,* 947 F.2d 1461 (10th Cir. 1991). It argued, *inter alia,* that "it would be unreasonable to say that a court, once exercising its authority under one option of § 3583(e), could never again return to § 3583(e) to exercise its authority under another subsection." *Id.* at 1463. It reasoned that since § 3583(e)(3) expressly permits courts to require imprisonment for "part of the term of supervised release," the remaining part of the term may survive revocation, and may be extended under § 3583(e)(2). In its view, § 3583(e) permits district courts to revoke a term of supervised release, impose further imprisonment, and reimpose supervised release following imprisonment.

The Tenth Circuit bolstered its interpretation of the statute with § 7B1.3(g)(2) of the Sentencing Guidelines, which was promulgated several months after *Behnezhad* was decided. This policy statement states that "when supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment." The commentary to this provision acknowledges *Behnezhad*'s interpretation of § 3583(e) and states that the Sentencing Commission has transmitted a proposal to Congress for a statutory amendment to address this issue. Indeed, the *Boling* court observed that the Senate had already passed an amendment to § 3583 to allow courts to renew supervised release following revocation and imprisonment. Thus it found support for its construction in the Commission's reaction to *Behnezhad* and the current Congressional efforts "to clari-

fy its original intent in enacting § 3583." *Id.* at 1462.

We agree with the Ninth Circuit that § 3583(e) does not authorize recommencement of supervised release after revocation. In reaching this conclusion, we rely solely on the plain meaning of the words of the statute, our first and best resort. Section 3583(e)(3) authorizes the district court to "revoke" a term of supervised release. "Revoke" generally means to cancel or rescind. Once a term of supervised release has been revoked under § 3583(e)(3), there is nothing left to extend, modify, reduce, or enlarge under § 3583(e)(2). The term of release no longer exists. Thus regardless of whether the options available under § 3583(e) could otherwise be used together, or in succession, the revocation and extension options are by their very nature mutually exclusive.

We do not believe that because § 3583(e)(3) permits a court to require imprisonment for "part of a term of supervised release," the other part of the term of release can somehow survive revocation. There is no indication that Congress intended such partial revocations. The statute does not say that the district court may revoke all or part of a term of supervised release. Although the court is free to impose different lengths of imprisonment in lieu of the revoked term of supervised release, it seems clear that the term itself is wholly extinguished.

▪ Finally, there is no provision in § 3583(e) for imposing a second term of supervised release after the first has been cancelled. The section which authorizes imposition of a term of release is § 3583(a), and it is clearly limited to the time of sentencing. We do not think the district court sentences a defendant anew when it revokes or modifies the conditions of supervised release. The sentence has already been imposed, and the district court is only altering its terms.

▪ As for § 7B1.3(g)(2) of the Guidelines and the current legislative developments, we concur with the dissent in *Boling*. The policy statement in the Guide-

lines specifically states that recommencement is allowed only "to the extent permitted by law." Looking to a proposed amendment to § 3583 to justify an interpretation of the current version is also inappropriate. Unenacted legislation has no interpretive value. Even if the legislation had been passed by both houses of Congress, we could not be sure that Congress' intent was only to clarify preexisting law rather than effect a change. In any event, "[t]he proper role of the judiciary should not be a race with Congress to amend a federal statute." *Boling*, 947 F.2d at 1466 n. 5 (Holloway, J., dissenting). We will wait until Congress speaks.

This was a rational sentence by an able district judge supported by at least one circuit. We are not persuaded, however, that the statute supports a term of supervised release after the initial term has been revoked. We reverse that portion of the judgment, vacate the sentence, and remand to allow the district court to sentence with all legal choices before it.

REVERSED in part and VACATED in part.