**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**James L. McGEE, Defendant–Appellant.**

**Nos. 92–1553, 92–1729.**

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 15, 1992.

Decided Nov. 30, 1992.

Frances C. Hulin, Asst. U.S. Atty., Danville, IL, Rodger A. Heaton, Asst. U.S. Atty. (argued), Office of the U.S. Atty., Springfield, IL, for U.S.

Gregory E. Pelini (argued), Pelini & Sheffler, Champaign, IL, for defendant-appellant.

Before CUMMINGS and MANION, Circuit Judges, and ZAGEL, District Judge.[*]

CUMMINGS, Circuit Judge.

James McGee was convicted for possession of heroin and sentenced to twenty-seven months in prison followed by three years of supervised release. Prison did not fortify McGee's respect for the law, for shortly after he completed his prison term, he was charged with violating his conditions of supervised release by using drugs, by failing to report to his probation officer, and by failing to participate in drug-abuse counseling. After affirming these charges, the district court revoked McGee's super-

vised release under 18 U.S.C. § 3583(e)(3) and ordered him to serve an additional two years in prison followed by five years of supervised release.

On appeal, McGee argues that the district court lacked power under § 3583 to revoke his release, imprison him, and then impose a new term of supervised release. He argues in essence that once a district court decides that a defendant who violated a condition of release must go back to prison, the court has only prison at its disposal. We agree. Once a court revokes a defendant's supervised release and imprisons him under § 3583(e)(3), no residual term of supervised release survives revocation. Consequently, there is no way for a court to revisit § 3583(e)(2) and create or "extend" a second term of supervised release.

## I. Jurisdiction and Standard of Review

The record below raises a jurisdictional issue. After revoking McGee's first term of supervised release, the district court on March 2, 1992, orally sentenced McGee under 18 U.S.C. § 3583 to two years in prison and five years of supervised release. The court noted and discussed this sentence in its March 5, 1992 Order on Final Disposition. However, when the court entered Judgment on March 2, 1992, it incorrectly recorded McGee's term of supervised release as two years instead of five. McGee filed a notice of appeal (no. 92–1553) from that judgment on March 5. On March 18, the court corrected its clerical error by amending its earlier judgment to reflect the five years' supervised release orally imposed on March 2 and discussed in the memorandum Order of March 5. McGee filed a second notice of appeal (no. 92–1729) from the amended judgment on March 30, 1992. McGee argues that this Court has jurisdiction to hear his second appeal from the district court's amended judgment; the government does not contest.

[*] The Honorable James B. Zagel, United States District Judge for the Northern District of Illi-    nois, sitting by designation.

These facts require us to consider whether the district court had jurisdiction to correct the clerical error in its judgment after the first notice of appeal had been filed. As a general rule, "[o]nce the notice of appeal is filed, jurisdiction is conferred on the court of appeals and the district court's power to proceed further is suspended." *United States v. Veteto*, 945 F.2d 163, 165 (7th Cir.1991). An exception to this principle is offered by Rule 36 of the Federal Rules of Criminal Procedure, which states that "clerical mistakes in judgments * * * may be corrected by the court at any time * * *." See *United States v. Queen*, 847 F.2d 346, 350 (7th Cir.1988). Once the district court corrected its clerical error and the parties filed a new notice of appeal, we gained jurisdiction over the corrected judgment. All agree that the amended sentence was the correct sentence imposed at trial.

Whether the district court exceeded its authority under § 3583 is a question of law that we review *de novo*. *United States v. Reynolds*, 900 F.2d 1000, 1004 (7th Cir.1990); *United States v. Montoya*, 827 F.2d 143, 146 (7th Cir.1987).

## II. The Statute: 18 U.S.C. § 3583

McGee's original sentence for possession of heroin included three years of supervised release as authorized by 18 U.S.C. § 3583. When he violated the conditions of that release, the same statute empowered the court either to modify McGee's release or imprison him. Because McGee's appeal questions a district court's authority to modify and revoke his supervised release, analysis properly begins with a review of the statute.

The statute is structured as follows: part (a) allows a judge to include supervised release as part of a sentence; part (b) correlates the period of release to the class of offense; part (c) refers to factors in other statutes a judge should consider when imposing a sentence of release; part (d) outlines special conditions a judge may include as part of a release; and part (e) lists four ways a judge may modify or revoke a supervised release. McGee's appeal focuses on a judge's authority under § 3585(e),[1] entitled "Modification of conditions or revocation," which allows a district court to:

(1) terminate a term of supervised release * * *

(2) extend a term of supervised release if less than the maximum term was previously imposed, and [ ] modify, reduce or enlarge the conditions of supervised release * * *

(3) revoke a term of supervised release, and require the person to serve in prison all or part of the term of supervised release, without credit for time previously served on postrelease supervision * * * or

(4) order the person to remain at his place of residence * * *

The order below does not say how the trial court interpreted the statute, but its options were limited to those listed above. The trial court's order does state that it considered McGee's fragile health, his admission of a serious drug problem and his recidivist tendencies when it imposed the second, lengthy five-year sentence of supervised release. Section 3583(e) directed the trial court to consider these matters by referring it to 18 U.S.C. § 3553(a), which lists factors to be considered in imposing a sentence; the sentence below probably addressed the needs of both the public and McGee as provided in that statute. McGee's appeal challenges the district court's application of § 3583(e), however, not the merits of his second sentence. Since the district court misread the scope of its statutory authority, we are forced to clarify its options under § 3583(e).

## III. Analysis

We begin by outlining an interpretation of § 3583 that would support the trial judge's order in this case. Section (e)(3) allows a judge to "revoke" a supervised release and imprison a defendant for "part of the term of supervised release." A judge could fairly read this language to

1. Section 3583(e) is reproduced in full in the Appendix hereto.

leave any remaining "part of the term" intact, to be served as supervised release. In this case, the judge could have assumed that when he revoked McGee's release, (e)(3) allowed him to sentence McGee to three years in jail, or to some three-year combination of jail and release. If (e)(3) is interpreted to authorize reapportioning "the term of supervised release" between prison and release, it becomes a simple matter to extend the remaining term of release under (e)(2), as the trial judge did in this case, by extending McGee's term from three years to five years. This interpretation can be called a "flexible reading" of § 3583. Variations of this reading were approved in *United States v. Boling*, 947 F.2d 1461 (10th Cir.1991), and in *United States v. Schrader*, 973 F.2d 623 (8th Cir. 1992). Several other circuits have rejected the flexible reading of § 3583, although for differing reasons, and we briefly canvass their opinions before continuing our analysis.

*United States v. Behnezhad*, 907 F.2d 896 (9th Cir.1990), overturned a district court order that revoked supervised release and sentenced the defendant to ten months in prison followed by two years' supervised release. Focusing on the word "or" between (e)(3) and (e)(4), *Behnezhad* explained that "we generally construe a statute written in the disjunctive as setting out separate and distinct alternatives." *Id.* at 898. Following this canon of construction, *Behnezhad* reasoned that the disjunctive meaning of "or" prevented a district court from combining (e)(3) and (e)(2) both to revoke and extend a supervised release. *Behnezhad* noted that the legislative history did not argue against a disjunctive reading of the statute, and that Congress had granted district courts clear flexibility in a different statute governing probation. *Id.* at 899. *United States v. Cooper*, 962 F.2d 339 (4th Cir.1992), followed the disjunctive reading of "or" to strike down a sentence that had briefly imprisoned a defendant under (e)(3) and then extended his release under (e)(2).

*United States v. Holmes*, 954 F.2d 270 (5th Cir.1992), used a different analysis to vacate a sentence that included supervised release following imprisonment under (e)(3):

> Section 3583(e)(3) authorizes the district court to "revoke" a term of supervised release. "Revoke" generally means cancel or rescind. Once a term of supervised release has been revoked under § 3583(e)(3), there is nothing left to extend, modify, reduce, or enlarge under § 3583(e)(2). The term of release no longer exists.

*Id.* at 272. *Holmes* implicitly declined to support *Behnezhad's* disjunctive analysis by stating that the meaning of "revoke" controlled the issue "regardless of whether the options available under § 3583(e) could otherwise be used together, or in succession * * *." *Holmes'* analysis was followed by *United States v. Koehler*, 973 F.2d 132 (2nd Cir.1992).

Finally, two other circuits have suggested without detailed analysis that they would not read § 3583(e)(3) to allow imposing supervised release after revocation. *United States v. Gozlon–Peretz*, 894 F.2d 1402, 1405 n. 5 (3rd Cir.1990), *amended*, 910 F.2d 1152, *affirmed on other grounds*, 498 U.S. 395, 111 S.Ct. 840, 112 L.Ed.2d 919 (1991); *United States v. Williams*, 958 F.2d 337 (11th Cir.1992).

This Court agrees that "[o]nce a term of supervised release has been revoked under § 3583, * * * * [t]he term of release no longer exists." *Holmes*, 954 F.2d at 272. When a district court revokes a supervised release, the defendant must return to prison to serve the remainder of his sentence. Section (e)(3) gives the district court the discretion to determine how long the defendant will remain in prison, but not the discretion to allocate part of the prison term towards additional supervised release. McGee's original term of supervised release was three years. When the district court revoked that release and sentenced McGee to two years' prison and five years' supervised release, it exceeded its statutory authority.

This Court thus concludes that *Holmes* offers a better approach to the statute than *Behnezhad*. While *Behnezhad* was correct

to observe that courts may not read the disjunctive word "or" out of the statute, the Ninth Circuit's analysis has two shortcomings. First, it leaves open the possibility that (e)(3) could be read, *standing alone,* to allow a district court to impose a combined term of prison and supervised release up to the amount of the original term of supervised release. If this Court were to follow *Behnezhad* alone, the district court below on remand might conclude that it could sentence McGee under (e)(3) to some combination of prison and supervised release, so long as the combined term did not exceed McGee's original three-year term of supervised release. By adopting *Holmes'* approach, this Court gives the district court clear instructions on remand that explain (e)(3) and also foreclose the combination of (e)(2) and (e)(3) used below.

Second, even as an alternative basis for overturning the district court's order in this case, *Behnezhad*'s disjunctive analysis demands clarification. The plaintiff in *Behnezhad* argued that "the district court was constrained to choose *only one* of the several [statutory] alternatives." *Behnezhad,* 907 F.2d at 898 (emphasis added). Upholding this claim, the Ninth Circuit wrote that "we generally construe a statute written in the disjunctive to set out *separate and distinct alternatives." Id.* (emphasis added). Read in its simplest form, *Behnezhad* could stand for the proposition that a court can exercise one option under § 3583, and one option only. This is the common meaning of disjunctive alternatives: you can have your cake, *or* you can eat it, but not both. Because the parties disputed the disjunctive meaning of the word "or" between (e)(3) and (e)(4), and because this issue is of substantial importance to proper application of § 3583 in this case and others, *Behnezhad* requires this Court to explain more fully the disjunctive effect of the word "or" in § 3583.

On its face, § 3583 empowers a judge to combine options (e)(1) through (e)(4) in certain ways. For example, a judge can modify a release under (e)(2) by relaxing its conditions, and later terminate that release altogether under (e)(1). The plain words of (e)(2) allow this combination by stating that

a judge "may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration *or termination* of the term of supervised release" (emphasis added). To recast *Holmes'* view of the statute more broadly, two statutory options—termination, under (e)(1), and revocation, under (e)(3)—are "one-way ratchets," in that once a release is terminated or revoked, the judge can no longer return to the statute and review the release under a different statutory option. In sum, "or" is best read to mean that each time a district court reviews a supervised release, it may exercise one option under the statute. The word "or," however, cannot be read to prevent the district court from reviewing a release under the statute for a second time and exercising a *different* statutory option—unless, of course, the court either terminates or revokes the term of supervised release, in which case its power to review the release ends.

Other aspects of the statute show that revocation under (e)(3) must end a term of release altogether. Part (e) begins with the language, "modification of conditions or revocation." Here a disjunctive reading of "or" is apposite, for "revocation" would be redundant if it were only a species of "modification." Furthermore, if (e)(3) were read to allow a residual term of supervised release to follow imprisonment, it would give the district court potentially endless jurisdiction over a defendant. Each time a defendant violated a condition of release, he would start a new combined term of prison and release; each new release would open new opportunities to breach a condition of release and be sentenced once again to prison and release. In rare cases, the district judge could become the equivalent of a permanent probation officer, monitoring the defendant as he bounced in and out of prison. This would be a problematic result for defendants and judges alike, and this Court declines to presume that Congress drafted a statute raising the due process concerns implicit in the scenario sketched above.

The flexible reading of the statute advanced by *Boling* would require us to avoid

the meaning of the word "revoke" and read it as something closer to "suspend." The flexible reading would also create a grave structural flaw in the statute. Accordingly, we conclude that the court below could not imprison McGee under (e)(3) and then extend his supervised release under (e)(2). This Court appreciates the policy concerns that support *Boling*. Courts that adopted a flexible reading of § 3583 were not, as characterized by the dissent in *Boling*, "in a race with Congress to amend a federal statute." 947 F.2d at 1466 n. 4. They simply gave a good-faith but problematic reading to a statute whose underlying policies pulled in conflicting directions. The majority of the Circuit Courts have decided to read § 3583 narrowly, but Congress remains free to enact statutory support for the able district judges who tried to tailor supervised release and prison terms to benefit both defendants and the public.

■ McGee has won a pyrrhic victory. When he violated the conditions of his release, he was sentenced to two years in prison and five years of supervised release. Even though the district court is now powerless to sentence McGee to a lengthy supervised release following his second term in prison, McGee's victory comes at a price. Under (e)(3), he remains eligible for a longer prison term—a full three years, namely, "all * * * of [his] term of supervised release without credit for time previously served on post-release supervision." McGee also has lost any support that supervised release after prison could have provided him. Concern for McGee cannot expand a district court's power under law, however, and the judgment below is Vacated and Remanded for sentencing in conformity with this opinion.

## APPENDIX

Section 3583(e) provides:

**(e) Modification of conditions or revocation [of supervised release].**—The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6)—

(1) terminate a term of supervised release and discharge the person released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the person released and the interest of justice;

(2) extend a term of supervised release if less than the maximum authorized term was previously imposed, and may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision;

(3) revoke a term of supervised release, and require the person to serve in prison all or part of the term of supervised release without credit for time previously served on postrelease supervision, if it finds by a preponderance of the evidence that the person violated a condition of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure that are applicable to probation revocation and to the provisions of applicable policy statements issued by the Sentencing Commission, except that a person whose term is revoked under this paragraph may not be required to serve more than 3 years in prison if the offense for which the person was convicted was a Class B felony, or more than 2 years in prison if the offense was a Class C or D felony; or

(4) order the person to remain at his place of residence during nonworking hours and, if the court so directs, to have compliance monitored by telephone or electronic signaling devices, except that an order under this paragraph may be imposed only as an alternative to incarceration.