**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Timothy Tyrone ROCKWELL,
Defendant–Appellant.**

**No. 92–6121.**

United States Court of Appeals,
Tenth Circuit.

Jan. 29, 1993.

William P. Earley, Asst. Federal Public Defender, Oklahoma City, OK, for defendant-appellant.

Teresa Black, Asst. U.S. Atty. (Timothy D. Leonard, U.S. Atty., with her on the briefs), Oklahoma City, OK, for plaintiff-appellee.

Before ANDERSON and EBEL, Circuit Judges, and LUNGSTRUM,* District Judge.

STEPHEN H. ANDERSON, Circuit Judge.

Timothy Tyrone Rockwell's supervised release was revoked for possession of an unprescribed controlled substance. He appeals the district court's ensuing order for incarceration and further supervised release. The questions which we must decide are: (a) whether the presence of a controlled substance in the body of a person on supervised release constitutes "possession" of that substance for the purposes of 18 U.S.C. § 3583(g), assuming the requisite *mens rea;* and (b) whether a district court can impose both incarceration *and* further supervised release upon revocation of the originally-imposed supervised release for unlawful possession of a controlled substance pursuant to 18 U.S.C. § 3583(g). For the reasons set forth below, we answer the first question in the affirmative and the second in the negative. Accordingly, we affirm in part but vacate that part of the district court's order imposing incarceration and supervised release and remand the case for reconsideration and imposition of a term of incarceration.

BACKGROUND

After conviction for bank robbery, Rockwell was sentenced to thirty months in prison, to be followed by three years of supervised release. He completed his prison sentence and began supervised release, which included the standard condition of supervision number 8: "the defendant ... shall not ... possess [or] use ... any narcotic or other controlled substance ... except as prescribed by a physician." R. Vol. I tab 17 at 4.

On December 27, 1991, Rockwell tested positive for marijuana use in a random urinalysis. He admitted that he had used marijuana a few days prior to that test. On January 8, 1992, he again tested positive for marijuana, although he denied additional marijuana use on or just prior to this date, claiming that the positive results were due to a residue of marijuana still in his body from the previous use. On February 19, 1992, he tested positive for cocaine use, which he attempted to excuse by recounting that a friend had given him a "tablet" to ease the pain of a toothache. He stated that although the substance was apparently cocaine, he did not know it was, and thus he could not have willfully and knowingly violated the condition of his supervised release prohibiting the use of drugs on this occasion.

After these three positive urinalyses, Rockwell was taken into custody, and the district court held a supervised release revocation hearing. At this hearing, the court was not persuaded by Rockwell's testimony explaining the results of the second and third urinalyses.[1] The court concluded that Rockwell had knowingly and wrongfully used marijuana and that he had knowingly and willfully used cocaine as indicated by the urinalysis test results, noting that Rockwell *admitted* the knowing use of marijuana a few days prior to December 27, 1991. R. Vol. II at 45. The court also stated that knowing, willful use of a controlled substance necessarily implies possession of that substance. *Id.* at 48–49.

---

* The Honorable John W. Lungstrum, United States District Court for the District of Kansas, sitting by designation.

1. The district court found that the urinalysis test results were "entirely regular in all respects." Rockwell does not contest that finding.

The court held that Rockwell had violated the terms of his supervised release and that the violation was governed by 18 U.S.C. § 3583(g). *See* R. Vol. II at 46, 48–49. Section 3583(g) provides:

> If the defendant is found by the court to be in the possession of a controlled substance, the court shall terminate the term of supervised release and require the defendant to serve in prison not less than one-third of the term of supervised release.

The court ordered that Rockwell serve twelve months of incarceration, to be followed by twenty-five months and twenty-eight days of further supervised release. R. Vol. II at 49; *United States v. Rockwell*, No. CR 89–61–A, Order (W.D.Okla. Mar. 13, 1992). Rockwell appeals both the determination that he violated 18 U.S.C. § 3583(g), and the sanction of supervised release in addition to a term of incarceration.

■ While we review orders revoking supervised release for abuse of discretion, *United States v. Stephenson*, 928 F.2d 728, 731–32 (6th Cir.1991); *United States v. Dillard*, 910 F.2d 461, 464 (7th Cir.1990), we review *de novo* the legal questions relating to the applicability of § 3583(g) and the imposition of both incarceration and additional supervised release following termination of supervised release for unlawful possession of a controlled substance. *See United States v. Blackston*, 940 F.2d 877, 882 (3d Cir.), *cert. denied*, — U.S. —, 112 S.Ct. 611, 116 L.Ed.2d 634 (1991).

## DISCUSSION

### I.

■ Rockwell contends that the district court erred in applying § 3583(g) to terminate his supervised release because that statute requires a finding of possession of drugs, and, at most, the evidence only proves that he was using drugs.[2] In other words, Rockwell argues that use does not constitute possession.

The district court was correct. There can be no more intimate form of possession than use. We hold that a controlled substance in a person's body is in the possession of that person for purposes of 18 U.S.C. § 3583(g), assuming the required *mens rea.* "Use" in this context is synonymous with possession. *See United States v. Courtney*, 979 F.2d 45, 49 (5th Cir.1992) ("[U]nder the present statutory scheme for criminal offenses, use is subsumed within possession."); *United States v. Smith*, 978 F.2d 181, 182 (5th Cir.1992) (admitted use of contraband substance can be evidence of possession for purposes of § 3583(g)); *United States v. Baclaan*, 948 F.2d 628, 630 (9th Cir.1991) ("possession," within the meaning of § 3583(g), was properly determined based on positive urine tests for methamphetamines) (citing *Blackston*, 940 F.2d at 891; *United States v. Oliver*, 931 F.2d 463, 464–65 (8th Cir.1991) (affirming revocation of supervised release on the basis of positive urinalysis for various controlled substances); *United States v. Ramos–Santiago*, 925 F.2d 15, 17 (1st Cir.) (same), *cert. denied*, — U.S. —, 112 S.Ct. 129, 116 L.Ed.2d 96 (1991); *United States v. Kindred*, 918 F.2d 485, 487 [ & ] n. 3 (5th Cir.1990) (same; "Knowing use of drugs is akin to possession.")); *Blackston*, 940 F.2d at 883 ("evidence of drug use is undoubtedly probative of possession"); *cf. United States v. Thompson*, 976 F.2d 1380, 1381 (11th Cir.1992) (§ 3583(e) and (g) applied without comment after offender tested positive for cocaine use); *United States*

---

2. According to Rockwell, if § 3583(g) does not apply, but revocation of supervised release was still justified due to violation of release condition Number 8, then the court was required to look to the sentencing guideline recommendations of U.S.S.G. § 7B1.4, p.s. (a table listing the terms of imprisonment following revocation of supervised release, arranged by category of the defendant's original crime rather than according to the conduct for which the supervised release was revoked).

Counsel for Rockwell conceded at oral argument that if § 3583(g) does apply, the statute supersedes the guideline provision. *Cf.* U.S.S.G. § 5G1.1; *United States v. Berlier*, 948 F.2d 1093, 1095 (9th Cir.1991) ("[A] statute controls over the Guidelines when the two conflict."); *accord United States v. Boyd*, 961 F.2d 434, 439 (3d Cir.), *cert. denied*, — U.S. —, 113 S.Ct. 233, 121 L.Ed.2d 168 (1992); *United States v. Larotonda*, 927 F.2d 697, 698 (2d Cir.1991).

*v. Graves,* 914 F.2d 159, 161 (8th Cir.1990) (dictum equating use and possession); *United States v. Granderson,* 969 F.2d 980, 981–82 (11th Cir.1992) (equating use and possession in the probation revocation context); *United States v. Gordon,* 961 F.2d 426, 429 (3d Cir.1992) (same).[3]

We agree with the district court's statement that "it's just errant sophistry ... that somebody has knowingly and willfully used a controlled substance and simultaneously claim[s] that that does not necessarily imply possession." R. Vol. II at 48. Accordingly, we affirm that part of the district court's disposition in which the court applied 18 U.S.C. § 3583(g) to terminate Rockwell's supervised release for possession of a controlled substance.[4]

## II.

■ Rockwell next contends that the district court erred in imposing both incarceration *and* additional supervised release as a sanction following revocation of his original term of supervised release. Section 3583(g) does not resolve the issue. It requires a sanction of incarceration and fixes a minimum term. It does not address the maximum term, or whether and to what extent an additional term of supervised release may also be imposed. For answers to those questions the district court, reading section 3583 as a whole, must look to a preceding subsection of the statute, 18 U.S.C. § 3583(e).[5] *See Thompson,* 976

F.2d at 1381 (imprisonment for maximum term allowed by § 3583(e)(3), imposed for infraction covered by § 3583(g), rather than shorter term allowed by U.S.S.G. § 7B1.4, p.s., was not an abuse of discretion); *United States v. Headrick,* 963 F.2d 777, 782–83 (5th Cir.1992) (maximum sentence provided by § 3583(e)(3), imposed for infraction covered by § 3583(g), was not plainly unreasonable); *United States v. Montez,* 952 F.2d 854, 859–60 & n. 2 (5th Cir.1992) (approved use of the maximum term of imprisonment from § 3583(e)(3) in a § 3583(g) case; applied the preponderance of the evidence standard from § 3583(e)(3)); *Oliver,* 931 F.2d at 465 (imprisonment for a term greater than the minimum required by § 3583(g) but less than the maximum allowed by § 3583(e)(3) "was reasonable and well within the statutory limits").

Rockwell concedes that under our decision in *United States v. Boling,* 947 F.2d 1461 (10th Cir.1991), the sanctions imposed upon him are permissible under § 3583(e).[6] *Boling,* rejecting an opposite view by the Ninth Circuit in *United States v. Behnezhad,* 907 F.2d 896 (9th Cir.1990), holds that upon revocation of supervised release, § 3583(e) allows courts to order incarceration and a further period of supervised release.

Three developments have occurred with respect to this issue subsequent to *Boling.*

---

3. The Guidelines Commission explicitly "[left] to the court the determination of whether evidence of drug usage established solely by laboratory analysis constitutes 'possession of a controlled substance' as set forth in 18 U.S.C. [§] 3583(g)." U.S.S.G. § 7B1.4, comment (n. 5).

4. Because Rockwell admitted one episode of marijuana use, we do not need to resolve Rockwell's challenges to the second positive urinalysis test for marijuana and the positive urinalysis test for cocaine.

5. 18 U.S.C. § 3583(e) provides, in pertinent part, that in the face of violation of conditions of supervised release and under certain enumerated conditions, the court may
    (2) extend a term of supervised release ... and may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release, ...

    (3) revoke a term of supervised release, and require the person to serve in prison all or part of the term of supervised release without credit for time previously served on postrelease supervision, ...; *or*
    (4) order the person to remain at his place of residence during nonworking hours and, if the court so directs, to have compliance monitored by telephone or electronic signaling devices, except that an order under this paragraph may be imposed only as an alternative to incarceration.
(emphasis added).

6. At the revocation hearing, Rockwell urged the court to apply the more lenient imprisonment range for violation of conditions of supervised release found in U.S.S.G. § 7B1.4, p.s. (three to nine months). The court correctly rejected that request. *See* note 2, *supra* (statutory provisions supersede guideline provisions).

First, four circuits which have addressed the issue have agreed with the Ninth Circuit's result in *Behnezhad* and held that § 3583(e) does not allow both incarceration and the imposition of further supervised release. *See United States v. McGee*, 981 F.2d 271 (7th Cir.1992); *United States v. Koehler*, 973 F.2d 132, 134–36 (2d Cir.1992), *cited in United States v. Bermudez*, 974 F.2d 12, 13 (2d Cir.1992) (per curiam); *United States v. Cooper*, 962 F.2d 339, 340–42 (4th Cir.1992), *cited in United States v. Copley*, 978 F.2d 829, 832 (4th Cir.1992); *United States v. Holmes*, 954 F.2d 270, 271–73 (5th Cir.1992), *cited in United States v. Courtney*, 979 F.2d at 51. In dictum, the Third Circuit has agreed with the majority position, and the Eleventh Circuit has recognized the split in the circuits created by the *Boling* decision and hinted its agreement with the Ninth Circuit as well. *See United States v. Gozlon-Peretz*, 894 F.2d 1402, 1405 n. 5 (3d Cir.), *amended*, 910 F.2d 1152 (3d Cir.1990), *aff'd on other grounds*, 498 U.S. 395, 111 S.Ct. 840, 112 L.Ed.2d 919 (1991) ("[A]fter revocation of a supervised release term, there is no provision for additional post-release supervision."); *United States v. Williams*, 958 F.2d 337, 339 n. 1 (11th Cir.1992) ("Revocation of the original term is, at the very least, linguistically inconsistent with the simultaneous extension or modification of that same term.... [I]t may be that the sentencing judge has the power to revoke the original term of supervised release *or* to modify that original term, but not both.").

Thus, seven circuits in all have either held directly contrary to *Boling* or made it

clear that they agreed with the majority position. Only one circuit has reached a result which would allow both incarceration and further supervised release under § 3583(e); but did so on grounds different from those upon which *Boling* relied. *See United States v. Schrader*, 973 F.2d 623, 624–25 (8th Cir.1992) (inferring powers from the statutory language of § 3583(e)(3)).

Second, the proposed legislation noted in U.S.S.G. § 7B1.3, comment. (n. 3), and relied on by the majority in the *Boling* decision, the Biden–Thurmond Violent Crime Control Act of 1991, S. 1241, 102nd Cong., 1st Sess., § 3404(h) (1991), 137 Cong.Rec. S10021 (daily ed. July 15, 1991), was not enacted into law. *See* 1 Cong. Index (CCH) 21,022 (1991–92) (Senate indefinitely postponed S. 1241; H.R. 3371 passed in lieu of S. 1241 on Nov. 21, 1991); 1 Cong. Index (CCH) 35,045 (1991–92) (Senate rejected conference report on H.R. 3371, which contained S. 1241, on Nov. 27, 1991); 1 Cong. Index (CCH) 34,513 (cloture failed on conference report for H.R. 3371, on March 19, 1992). It is impossible to tell whether this particular part of the legislation played any role in the failure of this very massive bill, but the fact remains that no further legislation on the subject has been enacted.

Third, the *Boling* decision emphasized the importance of the Sentencing Commission's interpretation of § 3583, as enunciated in U.S.S.G. § 7B1.3(g)(2) & comment. (n. 3).[7] However, this rationale was undercut recently when, in *United States v. Lee*, 957 F.2d 770, 772–74 (10th Cir.1992), we held

---

7. U.S.S.G. § 7B1.3(g)(2) provides: "Where supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment."

Application note 3 following § 7B1.3 provides:

Subsection (c) provides for the use of certain alternatives to imprisonment upon revocation. It is to be noted, however, that a court may decide that not every alternative is authorized by statute in every circumstance. For example, in *United States v. Behnezhad*,

907 F.2d 896 (9th Cir.1990), the Ninth Circuit held that where a term of supervised release was revoked there was no statutory authority to impose a further term of supervised release. Under this decision, in the case of a revocation of a term of supervised release, an alternative that is contingent upon imposition of a further term of supervised release (*e.g.*, a period of imprisonment followed by a period of community confinement or detention as a condition of supervised release) cannot be implemented. The Commission has transmitted to the Congress a proposal for a statutory amendment to address this issue.

U.S.S.G. § 7B1.3, comment. (n. 3).

that while the policy statements in U.S.S.G. Chapter 7 must be considered by the district court, they are not mandatory. *Accord United States v. Brooks*, 976 F.2d 1358, 1360 (10th Cir.1992).

These developments warrant this court's serious reconsideration of *Boling*. Of course, a three-judge panel of this court cannot overrule an earlier decision of the circuit. *United States v. Walling*, 936 F.2d 469, 472 (10th Cir.1991). Consequently, we have *sua sponte* presented this issue to all the active judges of the court, *see United States v. Taylor*, 828 F.2d. 630, 633 (10th Cir.1987), and we have now been authorized by those judges to announce that this circuit's prior decision in *United States v. Boling*, 947 F.2d 1461 (10th Cir.1991), is hereby overruled.

We have also been authorized to hold, as the law of this circuit governing pending and future cases, that upon breach of a condition of supervised release, the district court may revoke supervised release and order the defendant to serve a term in prison pursuant to 18 U.S.C. § 3583(e)(3), *or* may extend the defendant's term of supervised release pursuant to § 3583(e)(2), but not both. This holding serves the language of the statute. It would not be accurate to say, however, that the statute is any less subject to differing interpretation now than when we decided *Boling*.[8]

Our holding on this issue compels the conclusion that Rockwell cannot be ordered to serve an additional term of supervised release. Since § 3583(g) requires incarceration, the options presented in §§ 3583(e)(2) and (e)(4) are not available to the court, and § 3583(e)(3) is available only to the extent of fixing the maximum term of incarceration which may be imposed.[9]

However, we vacate and remand rather than partially reverse that portion of the district court's order imposing both incarceration and supervised release upon Rockwell. We do so because the record does not reveal whether or not the district court's decision to sentence Rockwell to the statutory minimum of twelve months in prison was affected by the imposition of further supervised release. The district court must be allowed to reconsider sanctions in light of and consistent with this opinion.

## CONCLUSION

For the reasons stated above, we AFFIRM the district court's termination of Rockwell's supervised release pursuant to 18 U.S.C. § 3583(g), for unlawful possession of a controlled substance. We VACATE that part of the district court's order imposing incarceration and supervised release, and REMAND the case to the district court for reconsideration of the term of incarceration to be imposed.

**8.** For example, in addition to the separate analysis and differing result adopted by the Eighth Circuit, two different interpretations are employed by circuits in arriving at the conclusion, which we adopt in this case, that further supervised release may not be imposed when there is a revocation under § 3583(e)(3). One interpretation relies on the disjunctive "or" in § 3583(e). *See Cooper*, 962 F.2d at 341; *Behnezhad*, 907 F.2d at 898–99. Another interpretation relies on the effect of the word "revoke" in § 3583(e)(3). *See McGee*, 981 F.2d at 274; *Koehler*, 973 F.2d at 134–35; *Holmes*, 954 F.2d at 272. Our holding does not depend on which analysis is employed, and we leave that issue for another day.

**9.** Under present law, U.S.S.G. § 7B1.3(g)(2), *see* n. 7, *supra*, is nonfunctional, at least where a termination under 18 U.S.C. § 3583(g) is con-

cerned. Section 7B1.3(g)(2) operates only by reference to law fixing "the maximum term of imprisonment imposable upon revocation," which is § 3583(e)(3) here; and the section is limited to "the extent permitted by law." Furthermore, as we have noted, *see* n. 2, *supra*, statutory provisions prevail if the Guidelines conflict. Our view that § 7B1.3(g)(2) is nonfunctional in a termination under § 3583(g) is reinforced by the fact that several courts have relied on the authority provided by § 3583(e) while specifically discounting the provisions of § 7B1.3(g)(2), *see, e.g., Koehler*, 973 F.2d at 135–36; *Cooper*, 962 F.2d at 342; *Holmes*, 954 F.2d at 271–73, and our research discloses no decision which relies on the Guideline for authority to impose incarceration and further supervised release.