986 F.2d 1431
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Alonzo Leon THOMAS, Defendant-Appellant.
 No. 92-6298.
 United States Court of Appeals, Tenth Circuit.
 Feb. 19, 1993.
 
 Before SEYMOUR, BARRETT and TACHA, Circuit Judges.
 ORDER AND JUDGMENT*
 SEYMOUR, Circuit Judge.
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 Appellant Alonzo Leon Thomas appeals his sentence following a revocation of his supervised release. Mr. Thomas had previously been sentenced to ten months in prison and three years of supervised release. While on supervised release, Mr. Thomas violated the terms of that release by using a controlled substance. As a result of that violation, the district court sentenced Mr. Thomas to a prison term of twenty-one months. The court further ordered a twenty-five month term of supervised release following the new prison term. Mr. Thomas contends the district court erred in imposing the new prison term under section 3583(g) for "possession" of a controlled substance, asserting that "use" of a controlled substance does not equate with possession. Further, Mr. Thomas argues that the twenty-five months of additional supervised release is in excess of the term authorized by law.
 We have recently addressed both of these issues in United States v. Rockwell, --- F.2d ----, No. 92-6121, 1993 WL 16352 (10th Cir. Jan. 29, 1993). In Rockwell, we held that the presence of a controlled substance in the body of a person on supervised release constitutes possession for the purposes of 18 U.S.C. § 3583(g). We also held that a district court may not impose both incarceration and further supervised release upon revocation of the originally-imposed supervised release. Under this analysis, we find no error in the district court's imposition here of a twenty-one month sentence for the possession of a controlled substance. However, the district court erred by imposing an additional twenty-five months of supervised release at the end of Mr. Thomas' term of imprisonment. Since "the record does not reveal whether or not the district court's decision to sentence [Thomas] ... was affected by the imposition of further supervised release," Rockwell, 1993 WL 16352 at * 5, we remand for reconsideration of the term of incarceration to be imposed.
 REVERSED AND REMANDED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3