**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Earl TRUSS, Jr., Defendant–Appellant.**

No. 92–2171.

United States Court of Appeals, Sixth Circuit.

Argued June 18, 1993.

Decided Sept. 8, 1993.

James C. Mitchell, Asst. U.S. Atty., Office of U.S. Atty., Detroit, MI (argued and briefed), for plaintiff-appellee.

David C. Tholen, Federal Public Defenders Office, Detroit, MI, (argued and briefed), for defendant-appellant.

Before: NELSON and SUHRHEINRICH, Circuit Judges; and CELEBREZZE, Senior Circuit Judge.

SUHRHEINRICH, Circuit Judge.

■ The issue presented is whether, after revoking supervised release, the district court has the authority under 18 U.S.C. § 3583(e) to sentence defendant to a term of imprisonment and to order a new term of supervised release. We hold that the district court does not have such authority. Accordingly, we **VACATE** and **REMAND** for re-sentencing.

## I.

Following conviction for his armed robbery of a federal credit union, Earl Truss was sentenced to forty-nine months incarceration to be followed by four years of supervised release. Within two months of his release from federal prison, he had engaged in at least two more armed robberies. Convictions for these robberies were obtained in state court and sentences were imposed to be served following any imprisonment Truss received for the violation of his federal supervised release.

On September 15, 1992, the district court revoked Truss' four-year term of supervised release. The district court sentenced him to three years incarceration and an additional two-year term of supervised release. Truss filed a motion to correct his sentence, asserting that the court lacked authority to impose any new supervised release beyond the three years imprisonment he must serve for violating his original supervised release. The district court denied Truss' motion and this timely appeal followed.

■ Truss' appeal raises a question of first impression in this circuit. As this question turns on statutory construction and is, therefore, purely a question of law, our review is de novo. *United States v. Headrick*, 963 F.2d 777, 779 (5th Cir.1992); *United States v. McGee*, 981 F.2d 271, 273 (7th Cir.1992).

### A.

The district court's power to modify or revoke a defendant's term of supervised release is found in 18 U.S.C. § 3583(e). The statute sets out the four types of actions a district court may take once a defendant has been sentenced to a term of supervised release. Restated, these are:

First, where a defendant has served at least one year of his supervised release and his conduct and the interests of justice so require, the court may terminate the remainder of the defendant's supervision;

Second, pursuant to the procedures of Rules 32 and 32.1, the court may modify the conditions of a defendant's supervised release and may extend a defendant's term of supervised release to the maximum that originally could have been imposed;

Third, where a defendant's violation of a condition of his supervised release has been shown by a preponderance of the evidence, the court may revoke the defendant's supervised release and may order

the defendant incarcerated for all, or any portion, of the term which was originally ordered to be served under supervised release;

Fourth, where incarceration is permitted, the court may order a defendant placed under "house arrest" and this restriction may be monitored by telephone or electronic signaling devices.

*See* 18 U.S.C. § 3583(e).

As must be apparent, section 3583(e) grants an odd assortment of powers to the district courts; an assortment whose only common thread is that each is applicable only to a defendant who is currently serving a term of supervised release previously imposed. Some, like subsection (1), work to the advantage of the defendant. Others, like subsection (3), work to the defendant's disadvantage. Subsection (2), recognizing that the "sentencing court must be able to respond to changes in the [defendant's] circumstances as well as new ideas and methods of rehabilitation," Fed.R.Crim.P. 32.1(b) (Advisory Committee Note), can be employed either to the defendant's advantage or his disadvantage.

The only subsection that, by its terms, speaks directly to the powers of a district court following a defendant's violation of his supervised release is section 3583(e)(3). It is in this subsection, either by express grant or fair inference, that the district court's power to impose a prison term *and* an additional term of supervised release must be found. This subsection provides that a district court may:

> revoke a term of supervised release, and require the person to serve in prison all or part of the term of supervised release without credit for time previously served on postrelease supervision, if it finds by a preponderance of the evidence that the person violated a condition of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure that are applicable to probation revocation and to the provisions of applicable policy statements issued by the Sentencing Commission, except that a person whose term is revoked under this paragraph may not be required to serve more than 3 years in prison if the offense for which the person

was convicted was a Class B felony, or more than 2 years in prison if the offense was a Class C or D felony....

18 U.S.C. § 3583(e)(3).

Defendant argues that, because this statute does not expressly provide for an additional period of supervised release following revocation and incarceration for a conditional release violation, the district court lacks the power to order additional supervised release. As discussed below, defendant is not without support in this argument. The Government, relying on the policy statements of the Sentencing Guidelines Commission and the decisions of a minority of courts addressing this issue, argues that such additional terms of supervised release are inherent in the structure of section 3583 and, in addition, make "good sense."

■ Eight of our sister circuits have addressed this issue and, to date, seven of those courts have determined—on competing rationales—that a district court does *not* have the power to impose an additional term of supervised release following a defendant's incarceration for violating the conditions of his original release. *See United States v. Rockwell,* 984 F.2d 1112 (10th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 2945, 124 L.Ed.2d 693 (1993); *United States v. Cooper,* 962 F.2d 339 (4th Cir.1992); *United States v. Holmes,* 954 F.2d 270 (5th Cir.1992); *United States v. Koehler,* 973 F.2d 132 (2d Cir.1992); *United States v. McGee,* 981 F.2d 271 (7th Cir.1992); *United States v. Williams,* 958 F.2d 337 (11th Cir.1992); *United States v. Behnezhad,* 907 F.2d 896 (9th Cir.1990). Only one circuit has determined that such an additional period of supervised release *is* permitted. *See United States v. Schrader,* 973 F.2d 623 (8th Cir.1992). For the reasons discussed below, we find the majority's position persuasive and join them in holding that, while an additional term of supervised release may be in the best interests of an orderly administration of justice, no additional term of supervised release is permitted by section 3583(e)(3).

### B.

The Ninth Circuit Court of Appeals, the first circuit to decide this issue, determined

that Congress' use of the word "or" separating the third and fourth subsections of section 3583(e) indicated that the statute set forth the district court's options in the disjunctive. Thus, an additional term of supervised release was not permitted because it entailed choosing part of one option, revocation and imprisonment, and part of another option, extension of the supervised release term. *Behnezhad*, 907 F.2d at 898.

The Fifth Circuit Court of Appeals, in *United States v. Holmes*, 954 F.2d 270 (5th Cir.1992), reached the same conclusion as had the court in *Behnezhad* but rejected that court's "disjunctive" analysis. Rather, the court in *Holmes* focused its analysis on Congress' use of the word "revoke" in section 3583(e)(3).

> "Revoke" generally means to cancel or rescind. Once a term of supervised release has been revoked under § 3583(e)(3), there is nothing left to extend, modify, reduce, or enlarge under § 3583(e)(2). The term of release no longer exists. Thus *regardless of whether the options available under § 3583(e) could otherwise be used together, or in succession,* the revocation and extension options are by their very nature mutually exclusive.
>
> We do not believe that because § 3583(e)(3) permits a court to require imprisonment for "part or all of a term of supervised release," the other part of the term of release can somehow survive revocation. There is no indication that Congress intended such partial revocations. The statute [§ 3583(e)(3)] does not say that the district court may revoke all or part of a term of supervised release. Although the court is free to impose different lengths of imprisonment *in lieu of* the revoked term of supervised release, it seems clear that the term itself is wholly extinguished.

*Holmes*, 954 F.2d at 272 (emphasis added).

Also of interest with respect to this issue are the decisions of the Tenth Circuit Court of Appeals. In *United States v. Boling*, 947 F.2d 1461, 1464 (10th Cir.1991), the court held that a district court, when a defendant's violation of supervised release has been shown, could impose a prison term to be followed by an additional term of supervised release so long as the combined terms were no greater than the maximum term of supervised release that could have been imposed at the defendant's original sentencing. In *United States v. Rockwell*, 984 F.2d 1112 (10th Cir.1993), however, the Tenth Circuit reversed its position and overruled *Boling*. In *Rockwell*, the court cited three "developments" since *Boling* which justified its abandonment: (1) four of the five circuits addressing the issue since *Boling* had found it unpersuasive and had ruled in accordance with *Behnezhad*; (2) legislation that had been proposed to "clarify" Congress' intent and specifically allow additional terms of supervised release, pending at the time of *Boling* and upon which *Boling* relied, was not subsequently enacted into law; and (3) the policy statements in Chapter 7 of the Sentencing Guidelines, indicating that additional terms of supervised release are permitted, relied upon in *Boling*, subsequently had been held by the Tenth Circuit not to be binding on the district courts. *Rockwell*, 984 F.2d at 1116–17. In overruling *Boling* and adopting the majority of circuit's result, the *Rockwell* court noted the two competing rationales of the majority position typified by *Behnezhad* and *Holmes* and specifically refused to favor one over the other. *Id.* at 1117 n. 8.

Departing from the majority, and now the sole remaining authority for the Government's position in the present case, is the Eighth Circuit Court of Appeals' decision in *United States v. Schrader*, 973 F.2d 623 (8th Cir.1992). There, the court employed a "lesser included" authority analysis.

> This subsection [18 U.S.C. § 3583(e)(3)] permits a sentencing judge to revoke an offender's term of supervised release, and to require the offender to serve in prison all or part of the term of supervised release without credit for time previously served on post-release supervision. *If a district court has that power, it certainly has the power under that subsection to impose a less drastic sanction,* namely, to require an offender to serve part of the remaining supervised release period in prison and the other part under supervised release.

*Id.* at 624–25 (emphasis added). The court was careful to note that its holding extended only to cases where the combined prison and supervised release terms did not exceed the remainder of the term of supervised release originally imposed. This, the court stated, distinguished its case from cases in other circuits where the new combined terms exceeded the remainder of the original supervised release term, *see Boling,* 947 F.2d at 1461 (twenty-nine month combined term, fourteen months remaining on original term; district court affirmed); *Cooper,* 962 F.2d at 339 (fifty-six month combined term, fifty-five months remaining on original term; district court reversed); *Behnezhad,* 907 F.2d at 897 (thirty-four month combined term, thirty-two months remaining on original term; district court reversed), and even, in some cases, the maximum supervised release term which originally could have been imposed, *see Williams,* 958 F.2d at 338 (forty-two month combined term, thirty-six months maximum originally allowed; district court reversed); *Holmes,* 954 F.2d at 271 (forty-four month combined term, thirty-six month maximum originally allowed; district court reversed). *Schrader,* 973 F.2d at 625. *See also Rockwell,* 984 F.2d at 1113–14 (thirty-six month original term, less than thirty-four months remaining, nearly thirty-eight months combined term imposed; district court reversed); *Koehler,* 973 F.2d at 133 (thirty-six month original term, twenty-four months remaining, forty-eight month combined term imposed; district court reversed); *McGee,* 981 F.2d at 272 (thirty-six month original term, thirty-four months remaining, eighty-four month combined term imposed).

### C.

At the outset, we must note that it cannot be said that the language of section 3583(e) is unambiguous. Surely, where two circuits have determined, on contradictory bases, that additional supervised release terms are authorized, and where seven circuits have held, on equally discordant theories, that such terms are not authorized, including one circuit which has reversed itself on this issue, interpretation of section 3583(e) is subject to reasonable disagreement. *See Rockwell,* 984 F.2d at 1117 (noting the varying rationales employed on both sides of the split among the circuits, the court stated that "[i]t would not be accurate to say, however, that the statute is any less subject to differing interpretation now than when we decided *Boling*").

The reasoning of the *Schrader* court is not without persuasive effect. It satisfies the intuitive urge to affirm the district court's reasonable attempt to punish the offender for his supervised release violation while, at the same time, continue its attempt to re-integrate the offender into society in a supervised fashion. By limiting the combined terms to no more than the unexpired portion of the defendant's original supervised release term, *Schrader* eliminates the specter of making the district courts "permanent probation officers" against which other circuits have been guarding. *See McGee,* 981 F.2d at 275 ("the district judge could become the equivalent of a permanent probation officer, monitoring the defendant as he bounced in and out of prison"); *Koehler,* 973 F.2d at 133 (defendant originally given three-year probation term, after violation was given three more years, after another violation was given a sixty-four month combined term, after another violation was given another forty-eight month combined term, such term to expire three years *after* original term would have expired).

The shortcoming of the *Schrader* analysis, and one which we cannot overlook, is its unjustified departure from the statute. Supervised release is wholly a creation of Congress. While discretion is granted to the courts concerning certain aspects of its imposition and administration, that discretion is expressly limited by statute. As to the modification or revocation of a defendant's supervised release, the district court's powers are limited to those found in section 3583(e). We agree with the court in *Holmes* that section 3583(e)(3) contemplates only a complete revocation of an offender's supervised release term and the discretion to impose a prison term not longer than the original supervised release term, subject to a two-or-three-year cap. *Schrader,* therefore, permits a district court to fashion a remedy not authorized by Congress. This we cannot do.

Nor do we find persuasive the Government's arguments concerning the policy statements of the Sentencing Commission at U.S.S.G. § 7B1.3(g), or even the Government's own policy formulations. In short, these statements, however reasonable and even compelling, are not law and cannot provide authorization for courts to act where Congress has not. *See United States v. Cohen,* 965 F.2d 58, 61 (6th Cir.1992) (Chapter 7 policy statements are not binding upon the district court); *Rockwell,* 984 F.2d at 1116–17 (section 7B1.3(g)(2) is not binding and is not persuasive because it purports to authorize what Congress has not); *Holmes,* 954 F.2d at 272–73 (section 7B1.3(g)(2) is not persuasive inasmuch as, by its own terms, the statement allows additional terms of supervised release only "to the extent permitted by law").

In reaching our decision, we cannot help but note that the majority rule which we adopt today produces the anomalous result of allowing the district court in this case to sentence Truss to serve his entire four-year term in prison, without credit for the two months of supervised release that he had "successfully" completed, but prohibits the court from imposing the seemingly-less-harsh sanction of splitting defendant's remaining three years and ten months of his term between prison and supervised release. Such, however, is Congress' construct as best we are able to determine it.

## II.

For all of the reasons stated, defendant's sentence is **VACATED** and the case is **REMANDED** for resentencing consistent with this opinion.