16 F.3d 418
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Frederick WALLING, Defendant-Appellant.
 No. 93-6251.
 United States Court of Appeals, Tenth Circuit.
 Jan. 13, 1994.
 
 Before MOORE, ANDERSON, and KELLY, Circuit Judges.
 ORDER AND JUDGMENT*
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Michael F. Walling pled guilty to two counts of mail fraud, in violation of 18 U.S.C. Sec. 1341, and was sentenced on both counts to concurrent terms of six months' imprisonment and two years' supervised release. While serving his term of supervised release, Walling was arrested on a drug charge. The district court found that Walling had committed a Grade A violation of his supervised release and imposed an eighteen month sentence of imprisonment. Walling appeals, contending that the court erred in finding that he had committed a Grade A violation, and that he should have been sentenced under the guidelines for a Grade C violation. Walling's counsel raises the appeal arguments in an Anders brief, and moves to withdraw. We affirm and grant counsel's motion to withdraw.
 
 BACKGROUND
 
 3
 After serving his term of incarceration, Walling was placed on two years' supervised release beginning February 24, 1992. The following standard conditions were imposed during the period of his supervision: "You shall not commit another Federal, state or local crime; you shall not leave the judicial district [of Oklahoma] without permission of the probation office; you shall not purchase, possess, distribute or administer any narcotic or controlled substance except as prescribed by a physician." R. Vol. I, Tab 26.
 
 
 4
 On April 27, 1993, Walling was arrested in Gallup, New Mexico. According to the New Mexico police report written at the time of arrest, an estimated twenty to thirty pounds of marijuana was seized from the trunk of Walling's vehicle. Walling was charged in New Mexico state court with the offense of possessing more than eight ounces of marijuana. On May 26, 1993, a "Petition on Probation and Supervised Release" was filed, alleging Walling had violated the above-noted conditions of his supervised release.
 
 
 5
 At his violation hearing Walling admitted that he had committed a Grade C violation of his supervised release by leaving the jurisdiction without prior approval of his probation officer. However, he disputed the conclusion that his arrest and charged offense of possessing more than eight ounces of marijuana constituted a Grade A violation.
 
 
 6
 The district court concluded that Walling was "in possession of twenty pounds or more of marijuana with the intent to distribute" and thus committed a Grade A violation of his supervised release. The court revoked Walling's term of supervised release and sentenced him to eighteen months' imprisonment.
 
 DISCUSSION
 
 7
 The district court's factual findings will be affirmed on appeal unless they are clearly erroneous. United States v. Hall, 984 F.2d 387, 389-90 (10th Cir.), cert. denied, 113 S.Ct. 2942 (1993). However, we review de novo legal questions relating to the applicability of the supervised release provisions of the Sentencing Reform Act. United States v. Rockwell, 984 F.2d 1112, 1114 (10th Cir.), cert. denied, 113 S.Ct. 2945 (1993).
 
 
 8
 As indicated above, the sole issue is whether Walling committed a Grade A or a Grade C violation. The Sentencing Commission policy statements categorize violations of supervised release in three broad classifications, ranging from Grade A violations of serious new felonious criminal conduct, including controlled substance offenses, to Grade C violations for less serious conduct and technical violations. U.S.S.G. Sec. 7B1.1(a)(1)-(3), p.s. The revocation policy statements do not separately define "controlled substance offense," but borrow the term from U.S.S.G. Sec. 4B1.2(2), which describes an offense of federal or state law prohibiting the possession of a controlled substance with intent to distribute or dispense. See U.S.S.G. Sec. 7B1.1, p.s., comment. (n. 3) (Nov. 1992).
 
 
 9
 Application note 1, explaining the classification of violations under Sec. 7B1.1 states:
 
 
 10
 Under 18 U.S.C. Secs. 3563(a)(1) and 3583(d), a mandatory condition of probation and supervised release is that the defendant not commit another federal, state, or local crime. A violation of this condition may be charged whether or not the defendant has been the subject of a separate federal, state, or local prosecution for such conduct. The grade of violation does not depend upon the conduct that is the subject of criminal charges or of which the defendant is convicted in a criminal proceeding. Rather, the grade of the violation is to be based on the defendant's actual conduct.
 
 
 11
 U.S.S.G. Sec. 7B1.1, comment. (n. 1) (Nov. 1992). The term of imprisonment recommended in U.S.S.G. Sec. 7B1.4 for a Grade A violation is twelve to eighteen months, for a Grade C, three to nine months.
 
 
 12
 Walling contends that the district court erred in interpreting the "actual conduct" portion of the application notes. He argues that the court erred in determining that he possessed the drugs with an intent to distribute when the pending New Mexico charge was only for possession of over eight ounces of marijuana, not for sale or intent to sell, and he not been convicted. Since there had been no chemical analysis nor exact weighing, Walling argues it was improper to consider the information in the police report introduced at the violation hearing. This argument ignores the plain language of Application Note 1, as well as our recent ruling in United States v. Hall, 984 F.2d 387 (10th Cir.), cert. denied, 113 S.Ct. 2942 (1993) (upholding the court's finding of a Grade A violation based on a drug arrest which was never prosecuted).
 
 
 13
 The record contains ample evidence that the quantity of marijuana was such that intent to distribute is apparent. United States v. Poole, 929 F.2d 1476, 1483 (10th Cir.1991). Additionally, Walling had admitted to his probation officer that he was delivering the marijuana for someone else. R. Vol. III, at 7. The court's finding of a Grade A violation of the terms of supervised release was not clearly erroneous.
 
 
 14
 The judgment of the district court is AFFIRMED, and counsel's motion to withdraw is granted.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. --- F.R.D. ----