9 F.3d 1557
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Keenan Deon WHITE, Defendant-Appellant.
 No. 92-5192.
 United States Court of Appeals, Tenth Circuit.
 Nov. 16, 1993.
 
 Before SEYMOUR, ANDERSON, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 SEYMOUR
 
 1
 Defendant-appellant Keenan White appeals the district court's judgment revoking his supervised release. The court found that he had violated conditions of electronic monitoring, was in possession of a firearm, and was involved in third degree arson. Mr. White contends that the district court erred in making this determination by considering a charge of murder in the first degree without giving him written notice. We affirm.
 
 
 2
 White began his three year period of supervised release on December 7, 1989, following a conviction and 12 month jail sentence for transferring counterfeit obligations of the United States in violation of Title 18 U.S.C. 473. Because of numerous violations of electronic monitoring conditions, a warrant for revocation was approved by the court on December 31, 1991.
 
 
 3
 On February 12, 1992, an Amended Petition for Supervised Release Action was filed. In addition to the electronic monitoring violation, the amended petition asserted that White had a firearm in his possession on February 5, 1992, and on the same night was involved in setting an automobile on fire. The Tulsa County District Court Information charging Mr. White with shooting with intent to kill and third degree arson was attached.
 
 
 4
 A revocation hearing was held on February 27. The government presented the testimony of Tulsa Police Officer Bob Jackson, who had investigated the allegations and confirmed them. He stated that he had received his information about Mr. White's involvement from Kevin Richardson.[2] The court continued the matter to a date beyond Mr. White's preliminary hearing in state court, stating that "under the circumstances that presently exist before the Court, it would appear the Court certainly would revoke the supervised release, but I do want to give [Mr. White] every opportunity to provide the Court with any information that would assist the Court in making a proper determination." Rec., vol. III, at 49.
 
 
 5
 The court held the continued revocation hearing in April. At that time, the court was advised that the original state court information had been dismissed, but that Mr. White had been charged in Tulsa County District Court with murder in the first degree. The revocation hearing was continued again until after the preliminary hearing on the murder charge.
 
 
 6
 The revocation hearing was reconvened in August after probable cause had been found at the preliminary hearing. The district court subsequently revoked Mr. White's supervised release based on the findings of February 27 that Mr. White had violated the conditions of electronic monitoring, was in possession of a firearm, and was involved in third degree arson. The court thereafter sentenced White to custody of the Bureau of Prisons for a term of 24 months.
 
 
 7
 We review the revocation of a term of supervised release for abuse of discretion. United States v. Rockwell, 984 F.2d 1112, 1114 (10th Cir.1993). Federal Rule of Criminal Procedure 32.1(a)(2) states the requirements for a supervised release revocation hearing. The first requirement is that "the person shall be given ... written notice of the alleged violation." Mr. White contends that he was not given written notice of the government's intention to assert the murder charge against him as a violation of his supervised release.
 
 
 8
 The district court, however, revoked the defendant's supervised release based on the February 27 findings that Mr. White had violated the conditions of electronic monitoring, was in possession of a firearm, and was involved in third degree arson. These violations existed prior to the institution of the murder charge, which was filed in April. The district court had found in February that the conditions of supervised release had been violated, but postponed its final determination so that Mr. White would have the opportunity to present any exonerating evidence. Thus, although the court made the transcript of the preliminary hearing on the murder charge part of the record, the court also made clear in its final decision that the murder charge was not one of Mr. White's alleged violations of supervised release. See rec., vol. I, doc. 26 at 3-4. Consequently, the district court did not abuse its discretion in revoking Mr. White's supervised release.
 
 
 9
 We AFFIRM the district court's judgment.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 Mr. Richardson did not testify, and Mr. White objected to Officer Jackson's testimony on the grounds of hearsay. The court correctly overruled the objection because hearsay may be considered in revocation hearings if it is sufficiently reliable. United States v. Stephenson, 928 F.2d 728, 732 (6th Cir.1991)