21 F.3d 1122
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Margaret Joan PATTERSON, Defendant-Appellant.
 No. 92-6388.
 United States Court of Appeals, Tenth Circuit.
 March 18, 1994.
 ORDER AND JUDGMENT[1]
 
 1
 Before ANDERSON and HOLLOWAY, Circuit Judges, and OWEN,[2] District Judge.
 
 HOLLOWAY
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 3
 Defendant-appellant Margaret J. Patterson appeals her sentence for violation of the conditions of her supervised release, and her sentence for possession of cocaine in violation of 21 U.S.C. 844. She contends, first, that the district court erred in imposing a new period of supervised release, in addition to imprisonment, in connection with the revocation of her prior term of supervised release. Second, she contends the court erred in failing to hold a hearing to determine whether the government made a promise during the prosecution of her cocaine possession offense to seek a downward departure based on her cooperation with the government. We affirm in part, reverse in part, and remand.
 
 
 4
 * Before turning to the merits of this case, we address the timeliness of Ms. Patterson's notice of appeal. During the pendency of Ms. Patterson's appeal, we noted that the filing of her notice of appeal appeared to be untimely, and we therefore requested briefing by the parties on this threshold jurisdictional issue. The parties' supplemental briefs, in addition to the record on appeal, disclose the following relevant facts pertaining to the timeliness of Ms. Patterson's appeal.
 
 
 5
 The district court entered its Judgment in a Criminal Case on October 8, 1992. IR. Doc.14. Under Fed.R.App.P. 4(b), Ms. Patterson had to file her notice of appeal within ten days thereof, i.e., by October 18, 1992. Because the 18th fell on a Sunday, however, the operative deadline was extended, by operation of law, until Monday, October 19, 1992. Fed.R.App.P. 26(a). No notice of appeal was filed by such time, however.
 
 
 6
 On November 6, 1992, after learning that the time for Ms. Patterson to file a notice of appeal had expired, the district court entered an order stating that "the delay in filing her notice of appeal is excusable delay as to her" and, therefore, "under Rule 4(B) [sic] Federal Rules of Appellate Procedure, the date within which defendant is to file her notice of appeal is extended thirty (30) additional days, the effective deadline, as extended, thus becoming November 18, 1992." Brief of Plaintiff-Appellee, Att." B" at 1-2.[3] In reliance on the court's order, Ms. Patterson filed her notice of appeal on November 18, 1992. IR. Doc.20.
 
 
 7
 Our concern about the timeliness of Ms. Patterson's notice of appeal proceeded from the erroneous premise that the notice initially was due on October 18, 1992, and that the district court therefore could not extend the deadline beyond November 17, 1992. As explained above, however, the notice initially was not due until October 19, 1992, and the court therefore could properly extend the deadline until November 18, 1992. Based on these additional facts drawn to our attention by the parties, we are satisfied that Ms. Patterson's notice of appeal was timely filed and that we may proceed to address the merits of this appeal.
 
 II
 
 8
 In 1988, Ms. Patterson was convicted of possession of cocaine with intent to distribute and possession of a firearm by a convicted felon, and was sentenced under pre-guidelines law to two terms of imprisonment to be followed by a five year term of supervised release. IVR. 1/233.[4]
 
 
 9
 On October 22, 1991, while on supervised release, Ms. Patterson was arrested for possession of 5.8 grams of cocaine, three firearms, and ammunition, all in violation of her supervised release conditions. IIIR. 9-10; IVR. 1/213. On October 29, 1991, Ms. Patterson, with the assistance of her attorney, executed a plea agreement with the government. Under the agreement, Ms. Patterson agreed to enter a plea of guilty to one count of possession of cocaine, in violation of 21 U.S.C. 844. IR. Doc.4, Att. at 1. Additionally, she agreed to cooperate fully with the government in its investigation of wrongdoing by her and others. Id. at 2-3. In exchange, the government agreed, inter alia, that it would not prosecute Ms. Patterson for any other violations "of a narcotics possession nature" stemming from her activities in the Western District of Oklahoma, except for perjury or perjury-related offenses. Id. at 2. The agreement further provided that "the matter of sentencing will be decided by the sentencing court and ... the United States has made no promises or representations to th[e] defendant or her attorney regarding what sentence might be imposed." Id. at 5. Finally, the agreement stated that "this Plea Agreement is the only agreement between the United States and defendant ... concerning her plea of guilty in the [case], and ... there are no other deals, bargains, agreements, or understandings which modify or alter this agreement." Id. at 5-6.
 
 
 10
 As the parties had agreed, the plea agreement remained under seal until the time set for the plea. On June 9, 1992, the government filed a one-count Information against Ms. Patterson, charging her with possession of cocaine in violation of 21 U.S.C. 844. IR. Doc.1. The same day, Ms. Patterson entered a plea of guilty to the charge, as she had promised. IR. Doc.4.
 
 
 11
 On October 8, 1992, Ms. Patterson appeared in the district court for sentencing on her violation of supervised release as well as her new drug offense. On the revocation of supervised release, the court sentenced her to 18 months' imprisonment to be followed by a two year term of supervised release. II R. at 34. As to her conviction for possession of cocaine, Ms. Patterson's attorney asked for a downward departure based on her cooperation with the government, including her testimony at the trial of her co-defendants. Id. at 15-16. Defense counsel acknowledged that the government had made no motion for such a departure. Id. Ms. Patterson personally addressed the court, stating that in connection with questioning by someone from the government about her offense, she had been informed that "a downward departure would be asked for in [the] case." Id. at 19. She was unable to identify who made the alleged statement but indicated that it was not the prosecutor, Assistant United States Attorney Leslie Kaestner. Id.
 
 In response, Ms. Kaestner stated:
 
 12
 Ms. Patterson did, the first time I met her, tell me that someone had told her, and I attempted to find out exactly who that was. I talked to all the officers and agents that spoke with Ms. Patterson. They all denied that this was told to her.
 
 
 13
 I said even[ ] if you were told that at that time, she was made fully aware by our office that, no, there would not be a downward departure. This was done some months before trial.
 
 
 14
 So she fully understood at that time that whatever cooperation she was giving was not going to be considered under a downward departure.
 
 
 15
 Id. at 20. Ms. Kaestner further indicated that she had repeatedly made clear to defense counsel that a downward departure motion "was not an option under these facts and under the standing plea agreement." Id.
 
 
 16
 When the district judge asked Ms. Kaestner about the request for the downward departure, she explained the benefits Ms. Patterson received under the plea agreement. Id. at 16-18. One of these was that the government did not take action against Ms. Patterson under 924(c) for the three firearms found in her home. Id. at 16. Additionally, Ms. Patterson was not asked to plead guilty to conspiracy or to charges stemming from other occasions when larger quantities of drugs were found in her house. Id. at 17. In short, Ms. Kaestner explained that, even without a downward departure, Ms. Patterson had "already received a very beneficial plea agreement and plea negotiation, and part of that was based on her early cooperation." Id. Having previously concluded that it lacked any authority to depart downward in the absence of a government motion (id. at 18), the district court proceeded to sentence Ms. Patterson to the low end of the applicable guideline range, 110 months, to be followed by a three year term of supervised release. Id. at 21.
 
 
 17
 On appeal, Ms. Patterson argues, first, that the district court erred in imposing a term of supervised release as part of her sentence for violation of the conditions of her prior supervised release. Second, Ms. Patterson contends the court erred in failing to hold a hearing to determine whether the government had in fact promised to move for a downward departure in her sentence for possession of cocaine. We address each argument in turn.
 
 A.
 
 18
 At the time of sentencing below, the law in this circuit was that "[18 U.S.C.] 3583(e) permits a court when revoking a term of supervised release to impose further imprisonment and to reimpose supervised release following imprisonment." United States v. Boling, 947 F.2d 1461, 1463 (10th Cir.1991) (emphasis added). Recently, however, we overruled Boling and held that "upon breach of a condition of supervised release, the district court may revoke supervised release and order the defendant to serve a term in prison pursuant to 18 U.S.C. 3583(e)(3), or may extend the defendant's term of supervised release pursuant to 3583(e)(2), but not both." United States v. Rockwell, 984 F.2d 1112, 1117 (10th Cir.), cert.denied, 113 S.Ct. 2945 (1993) (emphasis in original and emphasis added).
 
 
 19
 As the government concedes, because Rockwell was decided while this case was pending (on appeal), Rockwell is controlling of the issue at hand and requires us to vacate Ms. Patterson's sentence for violation of the conditions of her prior supervised release. Brief of Plaintiff-Appellee at 8. We therefore vacate that sentence and remand the case to the district court for resentencing thereon in light of this opinion. Rockwell, 984 F.2d at 1117.
 
 B.
 
 20
 We review for an abuse of discretion the district court's failure to hold an evidentiary hearing regarding the alleged promise by the government to move for a downward departure in connection with Ms. Patterson's sentence for cocaine possession. United States v. Gines, 964 F.2d 972, 977, 979 (10th Cir.1992), cert.denied, 113 S.Ct. 1023 (1993). In Gines, the defendant claimed that "the prosecutor orally agreed to recommend a reduction in sentence for cooperation as part of the plea agreement negotiations." Id. at 979. The government, however, "denie[d] entering into any implied or explicit agreement with [defendant] concerning substantial assistance" and pointed out that the plea agreement, which the defendant had previously acknowledged to be the exclusive agreement between him and the government, contained no promise by the government to request a departure. Id. Considering the foregoing record, this court concluded:
 
 
 21
 The government did not bind itself in the plea agreement to file [a motion for downward departure], and since appellant agreed at the change-of-plea hearing that the plea agreement as it existed was the only agreement between him and the government, he cannot now inconsistently assert that there was an undisclosed oral agreement between them. We find no abuse of discretion in the district court's refusal to grant an evidentiary hearing on the matter and affirm the court's decision not to award a two point credit for substantial assistance.
 
 
 22
 Id.
 
 
 23
 In the present case, it is undisputed that the October 29, 1991 plea agreement between Ms. Patterson and the government contained no commitment on the part of the government to seek a downward departure for Ms. Patterson. To the contrary, the agreement provided that "the matter of sentencing will be decided by the sentencing court and ... the United States has made no promises or representations to th[e] defendant or her attorney regarding what sentence might be imposed." IR. Doc.4, Att. at 5. Ms. Patterson's claim below that "someone" later indicated that the government nonetheless intended to reward her cooperation with a downward departure motion was unsupported by any factual details or corroborating evidence. The merits of the claim were further undermined by Ms. Kaestner's categorical denial of any connection between her office and the purported oral commitment, as well as her account of how she had made it clear to Ms. Patterson--before any cooperation with the government--that no downward departure would be sought. This information was elicited from the parties by the trial judge's questioning of them at the sentencing hearing. II R. at 13-21.
 
 
 24
 In light of the showing made, we cannot say that the district court abused its discretion in failing to conduct a further evidentiary hearing regarding Ms. Patterson's claim. United States v. Gines, 964 F.2d at 979.
 
 III
 
 25
 Ms. Patterson's sentence for conviction for possession of cocaine is AFFIRMED. Her sentence for violation of the conditions of her prior supervised release is VACATED and the case is REMANDED for further proceedings consistent with this opinion.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The Honorable Richard Owen, United States District Judge for the Southern District of New York, sitting by designation
 
 
 [3]
 Rule 4(b) provides that "[u]pon a showing of excusable neglect the district court may, before or after the time has expired, with or without motion and notice, extend the time for filing a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this subdivision." Under no circumstances, however, may the court enlarge the time for filing a notice of appeal beyond the additional 30 days prescribed by Rule 4(b). See Fed.R.App.P. 26(b) (district court may not enlarge time for filing notice of appeal except as specifically authorized by law)
 
 
 [4]
 On February 16, 1990, Ms. Patterson moved for resentencing under the federal sentencing guidelines. IVR. 1/233. The motion was granted, and on April 24, 1990 she was resentenced to two shorter concurrent terms of imprisonment and three years of supervised release. Id