42 F.3d 1407
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Carlus PHILLIPS, Defendant-Appellant.
 No. 94-3016.
 United States Court of Appeals, Tenth Circuit.
 Nov. 30, 1994.
 
 ORDER AND JUDGMENT[1]
 Before MOORE, ANDERSON and KELLY, Circuit Judges.[2]
 
 
 1
 Carlus Phillips appeals the two-year sentence imposed by the district court as a result of revoking his supervised release pursuant to 18 U.S.C. 3583(e)(3). Mr. Phillips contends that the district court erred by finding him in possession of a firearm and by departing upward from the United States Sentencing Guidelines. Our jurisdiction arises under 28 U.S.C. 1291.
 
 
 2
 The decision to revoke supervised release is reviewed for an abuse of discretion. United States v. Rackwell, 984 F.2d 1112, 1114 (10th Cir.1993). The subsidiary factual finding that Mr. Phillips illegally possessed a firearm in violation of the conditions of his supervised release stands unless clearly erroneous. United States v. Hall, 984 F.2d 387, 389 (10th Cir.1993). At a revocation hearing, the government need not prove its allegations beyond a reasonable doubt, but instead by a preponderance of the evidence. Id. at 390.
 
 
 3
 An officer testified that he found Mr. Phillips lying face down on top of a gun with the barrel of the firearm inside his belt; consequently, we reject Mr. Phillips' contention that the district court's finding of actual possession is not supported adequately.
 
 
 4
 The district court concluded that Mr. Phillips' possession of a firearm amounted to a Grade B violation of his supervised release under U.S.S.G. 7B1.1(a)(2). The court noted that the sentencing range for a Grade B violation and an original criminal history category of III was 8-14 months. Nonetheless, the court decided to depart upward to a criminal history category of VI, holding that it more accurately reflected the seriousness of Mr. Phillips' past criminal conduct and the likelihood that he will commit more crimes.
 
 
 5
 In the context of revocation of supervised release, we review the district court's consideration of the policy statements in U.S.S.G. 7B1.4 for reasonableness. United States v. Lee, 957 F.2d 770, 774-75 (10th Cir.1992). Chapter 7 of the United States Sentencing Guidelines are "advisory rather than mandatory in nature," and these "policy statements are to be treated differently than guidelines." Id. at 772-73. In revoking supervised release pursuant to 18 U.S.C. 3583(e), the district court is required to consider the factors in 18 U.S.C. 3553(a). Our task is to determine whether the district court's decision is reasonable, rather than in strict accord with the three-part test expressed in United States v. White, 893 F.2d 276 (10th Cir.1990), which is reserved for departures from the mandatory guidelines. Here the district court properly considered the Guidelines and indicated that two years was appropriate, considering Mr. Phillips' criminal history and that the sentencing guideline range for a category VI criminal history is 12-24 months. We are satisfied that this comports with the factors contained in 18 U.S.C. 3553(a) and produced a sentence which is both "reasoned and reasonable." Lee, 957 F.2d at 774.
 
 
 6
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order. 151 F.R.D. 470 (10th Cir.1993)
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause therefore is ordered submitted without oral argument