**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 23, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DAVID JOEL BARELA,

    Defendant - Appellant.

No. 19-1234
(D.C. No. 1:19-CR-00109-PAB-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **BACHARACH**, and **MORITZ**, Circuit Judges.
_____

David Barela appeals following the revocation of his supervised release. His

counsel moves for leave to withdraw in a brief filed pursuant to Anders v. California,

386 U.S. 738 (1967). Exercising jurisdiction under 28 U.S.C. § 1291, we dismiss the

appeal and grant counsel's motion to withdraw.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I

In 2006, Barela was convicted of conspiracy to possess with intent to distribute or dispense methamphetamine under 21 U.S.C. § 846, possession with intent to distribute or dispense methamphetamine under 21 U.S.C. § 841(a)(1), and being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1). He was sentenced to 150 months' imprisonment and eight years of supervised release. His conviction and sentence were affirmed by the Fifth Circuit Court of Appeals. As part of the conditions of supervision, Barela was ordered not to possess or use a controlled substance except as prescribed by a physician and to participate in a drug treatment and testing program under the direction of the U.S. Probation Office. In July 2015, his sentence was reduced to 120 months' imprisonment and eight years of supervised release.

After completing his prison term, Barela violated the conditions of his supervised release by using and possessing a controlled substance in 2017. For these violations, Barela's supervised release was revoked and he was sentenced to eighteen months' imprisonment and four years of supervised release. His conditions of supervised release again required that he not possess or unlawfully use a controlled substance, that he participate in a program of testing and treatment for drug abuse, and that he follow the rules and regulations of the program until discharged.

After serving his sentence, Barela violated his terms of supervision in January 2019 yet again by using and possessing a controlled substance and failing to comply

2

with the rules of the residential reentry center. At his revocation hearing,[1] the district court found that Barela had violated his conditions of supervision and sentenced him to nine months' imprisonment and four years of supervised release. This sentence was below the Guidelines sentencing range of twelve to eighteen months. Barela timely appealed.

## II

If an attorney concludes after conscientiously examining a case that any appeal would be frivolous, he may so advise the court and request permission to withdraw. Anders, 386 U.S. at 744. In conjunction with such a request, counsel must submit a brief highlighting any potentially appealable issues and provide a copy to the defendant. Id. The defendant may then submit a pro se brief. Id. If the court determines that the appeal is frivolous upon careful examination of the record, it may grant the request to withdraw and dismiss the appeal. Id. In this case, defense counsel provided a copy of the Anders brief to Barela, but a pro se brief was not filed.

Counsel's Anders brief considers the factual basis for the revocation and the reasonableness of Barela's sentence. We review a revocation of supervised release for an abuse of discretion. United States v. Ruby, 706 F.3d 1221, 1225 (10th Cir. 2013). We review findings of fact for clear error and legal questions de novo. Id. Because counsel does not distinguish between procedural and substantive

---

[1] Jurisdiction over Barela's release was transferred to the District of Colorado in August 2018.

3

reasonableness, we analyze both. "We review sentences under an abuse of discretion standard for procedural and substantive reasonableness." United States v. Washington, 634 F.3d 1180, 1184 (10th Cir. 2011). "Procedural review asks whether the sentencing court committed any error in calculating or explaining the sentence." United States v. Alapizco-Valenzuela, 546 F.3d 1208, 1214 (10th Cir. 2008). "Substantive review involves whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." Id. at 1215 (quotation omitted). A below-Guidelines sentence is entitled to a "rebuttable presumption of reasonableness." United States v. Balbin-Mesa, 643 F.3d 783, 788 (10th Cir. 2011).

Revocation of supervised release has always been left to the discretion of the trial court. See United States v. Cordova, 461 F.3d 1184, 1188 (10th Cir. 2006). The government's burden of proof in a revocation case under 18 U.S.C. § 3583(e)(3) is a preponderance of the evidence. See Johnson v. United States, 529 U.S. 694, 700 (2000). As an initial matter, we agree with counsel that because Barela's sentence falls within the range authorized by the original statute of conviction, it does not violate the restrictions recognized in United States v. Haymond, 139 S. Ct. 2369 (2019) (holding when the statute of revocation of supervised release mandates harsher punishment than the statute of conviction, findings must be made by a jury beyond a reasonable doubt).

With respect to the district court's factual findings, Barela did not contest his parole officer's testimony at the revocation hearing that as alleged in counts one,

4

four, and five, Barela admitted to using methamphetamine,[2] marijuana, and synthetic marijuana. Nor did Barela challenge the accuracy of the drug testing used to support the methamphetamine use charge in count three. He also did not contest that he violated the rules of his residential reentry center by bringing contraband into that facility, as alleged in count six. We can discern no clear error in the district court's factual determinations on Barela's violations.

We agree with counsel that the district court correctly determined Barela's Guidelines range to be twelve to eighteen months and that a sentence of nine months, below that range, is not unreasonable. Despite the district court judge's statement that he was imposing "punishment" for Barela's violations,[3] we also agree that the judge's choice of wording does not warrant reversal. The district court's explanation of his sentence was replete with consideration of Barela's circumstances, including recognition of Barela's early success at rehabilitation and the effect that injuries

---

[2] We find no merit in the claim made by defense counsel at the revocation hearing that the government had not shown that Barela possessed methamphetamine for the purposes of determining whether those offenses were "grade B" violations. Because Barela had a prior drug conviction, the district court correctly held that his admissions of drug use equated to drug possession for the purposes of determining that his admitted use was a grade B violation of supervised release. See United States v. Rodriguez, 945 F.3d 1245, 1251 (10th Cir. 2019); United States v. Rockwell, 984 F.2d 1112, 1114 (10th Cir. 1993) ("There can be no more intimate form of possession than use."), abrogated on other grounds by Johnson v. United States, 529 U.S. 694, 699 n.2 (2000). The district court also correctly determined that Barela's admissions were sufficient to show drug use and possession by a preponderance of the evidence.

[3] We note that the "punishment" language was introduced into the hearing by defense counsel in the context of her argument on an appropriate sanction for Barela's violations of the court's orders imposing conditions for supervised release.

5

stemming from Barela's 2018 automobile accident may have had on his drug use. In considering the appropriate sanction to apply, the court discussed how a short prison sentence would contribute to his addiction treatment and commitment to rehabilitation, which were jeopardized by Barela's ongoing drug use while on supervised release. The court also determined that a sentence below the Guidelines range with an additional four years of supervised release would protect society while encouraging Barela's rehabilitation. A below-Guidelines sentence is presumed reasonable, see Balbin-Mesa, 643 F.3d at 788, and there is nothing in the record that would rebut this presumption. Accordingly, we hold that Barela's sentence of nine months' imprisonment and four years of supervised release is reasonable.

In his letter to the district court, Barela complained that his counsel rendered constitutionally ineffective assistance by failing to obtain documents Barela believed would have fortified his defense. Barela contends that these documents would have shown the additional efforts he took to address the pain and suffering arising from his automobile accident that were not reflected in the medical records introduced at the hearing. Ineffective assistance of counsel claims should generally not be brought on direct appeal and are presumptively dismissible. See United States v. Galloway, 56 F.3d 1239, 1240 (10th Cir. 2019). Because Barela's claims require development of the record by the district court on collateral review, he has not rebutted the presumption that his ineffective assistance of counsel claim is dismissible. See id.

Finally, our independent review of the record has not uncovered any other potentially meritorious issues.

6

**III**

For the foregoing reasons, we **GRANT** counsel's request to withdraw and

**DISMISS** the appeal.


Entered for the Court


Carlos F. Lucero
Circuit Judge