**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Johonnas J. EICKE, Defendant–
Appellant.**

No. 94–2522.

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 24, 1995.

Decided April 17, 1995.

Patrick J. Chesley, Asst. U.S. Atty., Springfield, IL (argued), for U.S.

P. Arthur Tague, Denver, CO (argued), for Johonnas J. Eicke.

Before POSNER, Chief Judge, and BAUER and ROVNER, Circuit Judges.

BAUER, Circuit Judge.

Johonnas Eicke appeals his sentence following the district court's revocation of his term of supervised release. Finding his claim devoid of merit, we affirm.

Eicke was convicted of one count of conspiracy to commit bond jumping, in violation of 18 U.S.C. § 371, and one count of aiding and abetting bond jumping, in violation of 18

U.S.C. § 3146. Eicke was fined $50,000, sentenced to thirty-three months in the penitentiary and three years of supervised release, and ordered to pay restitution for each month of his stay in the penitentiary. Eicke's sentence included the following six "SPECIAL CONDITIONS OF SUPERVISED RELEASE:"

1. That the defendant not commit any local, state, or federal crime;

2. That the defendant abide by the standard conditions of supervised release;

3. That the defendant shall not possess a firearm or other dangerous weapon;

4. That the defendant pay a fine in the amount of $50,000 and adhere to a Court-ordered installment schedule for payment of the fine;

5. That the defendant provide the U.S. Probation Office access to any requested financial information; and

6. That the defendant participate in a mental health program approved by the U.S. Probation Office[.]

This section also included the thirteen Standard Conditions of Supervision adopted by the Central District of Illinois.

Eicke was released from prison in October 1992. After his release, Eicke never reported to a United States Probation Office as the standard terms of his supervised release required him to do. In November 1992, the district court issued a warrant for Eicke's arrest. Eicke remained at large for fourteen months until he was finally arrested.

In response to Eicke's transgression, the government petitioned the district court to revoke Eicke's supervised release. Then, pursuant to 18 U.S.C. § 3583(e)(3), the district court revoked Eicke's supervised release and imposed an additional nine month prison term. Additionally, the district court stated:

The defendant shall pay a fine of $50,000. The defendant shall pay $1,415.56 per month for the period of time he served with Bureau of Prisons on original sentence.... If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. § 3614.

Eicke's claim of error is based on the rule of this circuit that in situations in which a district court revokes a defendant's supervised release and imposes another prison term pursuant to § 3588(e), it may not sentence the defendant to another period of supervised release following the additional prison term. *United States v. McGee*, 981 F.2d 271 (7th Cir.1992). Eicke correctly notes that payment of his fine was a condition of his supervised release; this is true in almost every instance in which a fine accompanies a sentence of imprisonment and supervised release. *See* 18 U.S.C. §§ 3563(b)(2), 3583(d); United States Sentencing Commission, *Guidelines Manual*, § 5B1.4(b)(16). He claims that by reimposing a condition of his supervised release, the district court has effectively sentenced him to an additional period of supervised release and violated the dictate of *McGee*.

Eicke offers no statutory or common law support for his position; he simply argues that permitting a condition of supervised release to stand after revoking the supervised release is the equivalent of imposing a second term of supervised release without calling it so. The simple answer is that the district court fined Eicke for his initial crime: facilitating bond jumping. Eicke admits he has not paid his fine. Reminding him that he still owes the United States this money is not akin to imposing a new fine. No additional punishment has been assessed.

This simple answer is supported by a common sense evaluation of Eicke's argument. First, Eicke was fined, ordered to pay restitution, and sentenced to a term of imprisonment followed by supervised release. Eicke admits that the implication of his position is that any defendant punished in the same (hardly unique) way could avoid paying his fine altogether merely by violating a condition of his supervised release; if this were true, the most a defendant in Eicke's shoes (one who has committed a Class E felony) could receive for any violation of his supervised release is one year. *See* 18 U.S.C. § 3583(e)(3). This contemplates a system in which the sentencing judge carefully constructs a defendant's punishment only to leave the defendant with the power to unilat-

erally trade a fine for minimal additional prison time. There is no good penological reason supporting such a result.

Further indication that Eicke's argument leads to absurd results can be found in 18 U.S.C. § 3614. In instances in which a defendant knowingly fails to pay his fine, that section authorizes the district court to resentence the defendant to any sentence that could have been imposed originally. This potential sentence may include imprisonment, not for the minimal time provided for in the event of the revocation of supervised release, but for the full term available for the underlying crime. Congress has therefore explicitly recognized that the failure to pay a fine is a more serious offense than the violation of a condition of supervised release. Surely, the legislature did not mean to render § 3614 toothless by creating what Eicke contends is a loophole in § 3583.

A second point should be made with respect to Eicke's overly simple argument. There are many conditions of supervised release which, like fines, constrain the defendant's behavior even after the term is expired; the continued effect of these conditions, however, cannot be considered a continuation of supervised release. For example, a mandatory condition of supervised release is that "the defendant not commit another Federal, State, or local crime during the term of supervision." *See* 18 U.S.C. § 3583(d). Obviously, one cannot reasonably contend that upon revocation of supervised release, a court's admonition against committing additional crimes constitutes a new imposition of supervised release simply because it was a condition of supervised release the first time around. Similarly, other discretionary conditions of supervised release constitute crimes for convicted felons even after the term of supervision expires, including the conditions of refraining from using narcotics, 18 U.S.C. § 3563(b)(8), and refraining from possessing firearms, destructive devices, and dangerous weapons, 18 U.S.C. § 3563(b)(9). Just as the defendant who has his supervised release revoked and serves additional prison time must continue to abide by these conditions, so must he satisfy his outstanding fine.

As our evaluation of Eicke's argument has foreshadowed, 18 U.S.C. § 3583(e) and our opinion in *McGee* interpreting that section are concerned with taking a releasee off the streets and reincarcerating him; there are no implications for any other type of punishment. Supervised release is uniquely linked to imprisonment by § 3583; subsection (a), the provision that authorizes the imposition of supervised release, states that a term of supervised release may be appropriate following a term of imprisonment, and subsection (e) provides that further imprisonment may be necessary where the releasee violates the conditions of his release. In fact, supervised release does not exist without a prior term of imprisonment; supervised release without imprisonment is called probation. *See* 18 U.S.C. § 3562.

The point we make here is that specific statutory provisions link supervised release and incarceration. And only § 3583(e) addresses the revocation of supervised release and imposition of additional imprisonment. No other form of punishment is implicated in the revocation of supervised release. Supervised release is designed to ease the prisoner's transition into the community after service of a prison term. The only reason conditions of supervised release include items like payment of fines and restitution and warnings against continued criminal activity is that Congress apparently believes that to achieve the objective of supervised release, the releasee must have specific reminders of the ramifications of his felony convictions. Congress certainly did not intend that certain punishments for federal felonies, also forbidden by the conditions of supervised release, could be washed away with the violation of just one condition and replaced with a minimal prison term.

Eicke's sentence following the district court's revocation of his term of supervised release is

Affirmed.