114 F.3d 1192
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Daniel PFLEEGER, Defendant-Appellant.
 No. 96-3841.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 7, 1997.*
Decided May 7, 1997.
 
 Before FLAUM, MANION and EVANS, Circuit Judges.
 
 ORDER
 
 1
 On September 29, 1992, Daniel Pfleeger was convicted of bank robbery in violation of 18 U.S.C. § 2113(a). He was sentenced to 48 months' imprisonment and five years' supervised release. During his period of supervised release, Pfleeger tested positive for cocaine use and the government moved to revoke his release. On October 23, 1996, the district court revoked Pfleeger's supervised release and sentenced him to eighteen months' imprisonment to be followed by three years' supervised release.
 
 
 2
 The issue on appeal is how to correct Pfleeger's sentence in light of the fact that the three-year period of supervised release to follow the sentence of eighteen months' incarceration is improper. At the time Pfleeger committed the bank robbery, 18 U.S.C. § 3583(e) did not allow an additional term of supervised release to be imposed in sentencing for revocation of supervised release. United States v. McGee, 981 F.2d 271, 274-76 (7th Cir.1992). In 1994, section 3583 was amended to allow a period of supervised release to follow a sentence of incarceration upon revocation of supervised release. See 18 U.S.C. § 3583(h). But the amendment is not retroactive to crimes committed before the amendment was enacted. United States v. Beals, 87 F.3d 854, 860 (7th Cir.1996).
 
 
 3
 Prior instances of this particular situation demonstrate that this court has ordered different remedies in different cases. In McGee, this court vacated the judgment and remanded for resentencing. McGee, 981 F.2d at 276. In Beals, this court remanded with instructions to eliminate the term of supervised release, leaving the term of incarceration unchanged. Beals, 87 F.3d at 860. Pfleeger wants us to follow Beals, thereby requiring us to further determine whether the district court also exceeded its authority when it imposed the sentence of incarceration upon revocation of release upwards of the range contemplated by the Sentencing Guidelines. The government wants us to follow McGee, so that the district court may impose a longer term of incarceration than eighteen months since it may have done so had it recognized that it could not impose the period of supervised release.
 
 
 4
 In this case, the fact that the district court departed upward from the Guidelines' range when it sentenced Pfleeger upon revocation of his release supports following McGee and remanding Pfleeger's case for resentencing. Though we expressly refrain from deciding whether the district court's upward departure was plainly unreasonable under the circumstances, see United States v. Hale, 107 F.3d 526, 529 (7th Cir.1997), that the court did depart supports the contention that, had it not imposed the additional term of supervised release, it may have imposed a term of incarceration longer than eighteen months. Moreover, it is not certain from the record that the district court's error in sentencing Pfleeger to an additional term of supervised release did not affect the selection of his sentence of incarceration. See United States v. Lee, 78 F.3d 1236, 1239 (7th Cir.1996).
 
 
 5
 "[T]he length of [Pfleeger's] punishment upon revocation of release [is] limited to his original term of imprisonment and the period of his [original] supervised release (minus any time served on post-release prior to the revocation)." Beals, 87 F.3d at 860. The district court must be given the opportunity to consider the most appropriate sentence upon revocation of Pfleeger's release within the appropriate applicable statutory parameters.
 
 
 6
 Accordingly, the judgment of the district court is REMANDED for resentencing.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)