**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                            No. 98-4066

WILLIAM D. STOVALL,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
James C. Cacheris, Senior District Judge.
(CR-95-403)

Submitted: January 12, 1999

Decided: February 25, 1999

Before MURNAGHAN and MICHAEL, Circuit Judges, and HALL,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Thomas J. Foltz, Alexandria, Virginia, for Appellant. Helen F. Fahey,
United States Attorney, Pamela O. Barron, Special Assistant United
States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

William D. Stovall appeals from an order of the district court revoking his term of supervised release for non-compliance with the conditions thereof. We affirm.

Stovall was convicted in 1992 in United States District Court for the District of Colorado of sixteen counts of false claims and statements. He was sentenced to a term of imprisonment followed by three years of supervised release and ordered to pay restitution in the amount of $75,803. Jurisdiction over Stovall was transferred to the Eastern District of Virginia for completion of Stovall's period of supervised release. Shortly before the expiration of his supervised release, the probation office requested that Stovall complete a financial questionnaire and submit financial documentation to assess his ability to pay the balance of the restitution. Stovall refused. The probation office later filed a petition alleging violations of conditions of supervised release. After a hearing, the district court found that Stovall violated several conditions of his supervised release: that he failed to provide the probation officer with financial information; failed to truthfully answer all questions of the probation officer; and failed to comply with the payment of restitution. The court terminated supervised release, sentenced Stovall to sixty days' imprisonment, and made the balance of the restitution due and payable immediately.

By permitting the restitution condition of supervised release to stand after revoking supervised release, the district court did not extend Stovall's term of supervised release. See United States v. Lominac, 144 F.3d 308, 314-16 (4th Cir. 1998); United States v. Eicke, 52 F.3d 165, 166-67 (7th Cir. 1995). Accordingly, the imposition of a term of incarceration along with an order to pay the balance of restitution does not amount to plain error. See United States v. Olano, 507 U.S. 725, 731-32 (1993). Likewise, the court did not abuse its discretion by refusing to consider the validity of the original restitution order and terminating Stovall's term of supervised release on the ground Stovall failed to satisfy the restitution order. See United States v. Armand, 992 F.2d 316, 317 (11th Cir. 1993); United States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992).

2

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately set forth in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>