Samuel LIVINGSTON, Petitioner,

v.

UNITED STATES PAROLE
COMMISSION,
Respondent.

Civil Action No. 96–CV–75715–DT.

United States District Court,
E.D. Michigan,
Southern Division.

July 23, 1997.

Penny R. Beardslee, Federal Defender Office, Detroit, MI, for Petitioner.

Gary M. Felder, U.S. Atty.'s Office, Detroit, MI, for Defendant.

## MEMORANDUM OPINION AND ORDER

ZATKOFF, District Judge.

### I. INTRODUCTION

This matter is currently before the Court on Magistrate Judge Carlson's Report and Recommendation of June 12, 1997, in which the Magistrate Judge recommends that petitioner's writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 be conditionally granted and the case remanded to the Parole Commission.

The Magistrate Judge recommended that this Court conclude that the United States Parole Commission was without the authority to return petitioner to special parole following a violation and revocation of the original special parole term.

On July 1, 1997, respondent filed an objections to the Magistrate Judge's Report and Recommendation pursuant to 28 U.S.C. § 636(6)(1)(b) and E.D. Mich. Local R. 72.1(d)(2). Petitioner has also submitted objections.

The Court finds that the facts and legal arguments are adequately presented in the parties' briefs, and the decisional process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. Local R. 7.1(e)(2), it is hereby Ordered that the motions be resolved on the briefs submitted.

The Court has reviewed the court file, the respective parties' motions, the Report and Recommendation, and the objections of both parties. Accordingly, the Report and Recommendation of the Magistrate is hereby rejected.

### II. BACKGROUND

Although the Court declines to accept the Recommendation of the Magistrate Judge, the following facts and legal arguments are taken principally from the Report and Recommendation.

Petitioner, Samuel Livingston, presently serving a special parole term, filed this application, by and through the Federal Defenders Office, for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, on December 20, 1996. Petitioner challenges a United States Parole Commission ("Parole Commission") decision to re-parole him to a special parole term after his initial special parole term was revoked after a violation. Petitioner was originally sentenced to a five year term of imprisonment and a five year special parole term for distribution of heroin by the United States District Court for the Eastern District

of Michigan on June 14, 1983 (See Petitioner's Attachment 1, Judgment).

Petitioner was mandatorily released from prison via good time credits on September 19, 1986, subject to supervision under 18 U.S.C. § 4164.[1] In December 1987, Petitioner's mandatory release supervision was terminated and he commenced service of his five year special parole term (See Exhibit 2 attached to Respondent's Answer).

The Parole Commission issued a parole violator warrant on April 12, 1991, charging Petitioner with repeated use of illegal substances such as cocaine, morphine and methadone (Exhibits 3–5). Petitioner was advised, following a revocation hearing in July 1991, that his special parole term was being revoked with no credit for time spent on special parole (Exhibits 6 & 7). The Parole Commission also informed Petitioner that he was to remain in federal custody until a presumptive parole date of December 23, 1991 with a special drug aftercare condition (Exhibit 7).

Petitioner was released from in December 1991 (Exhibit 8), and again violated the conditions of his special parole a year later by testing positive for controlled substances (Exhibit 9 & 10). Once again, Petitioner's special parole term was revoked, and he was returned to prison with no credit for time spent on special parole (Exhibits 11). The Parole Commission notified Petitioner that he was to remain in federal custody until his presumptive parole date of February 2, 1994 (Exhibit 12).

Petitioner was released from prison on special parole in February 1994, but his probation officer recommended in January 1996 that a parole violator warrant be issued when he failed to attend his substance abuse treatment program (Exhibits 16–18). The probation officer subsequently learned that Petitioner had been sentenced in May 1996, in Detroit Recorder's Court, to a five year probation term for attempted possession of cocaine under 25 grams (Exhibit 19). He then failed to report for supervision after his release by local authorities following the imposition of sentence.

Following a revocation hearing in January 1997, the U.S. Parole Commission again informed Petitioner that his special parole was revoked and that none of the time spent on special parole would be credited. Petitioner was ordered returned to federal prison until January 1999 (Exhibits 25–26). The Parole Commission's notice to Petitioner advised him that he had the opportunity to appeal these decisions to the National Appeals Board. The Appeals Board denied Petitioner's appeal on March 20, 1997.

In his Petition, the Petitioner argues that the U.S. Parole Commission was precluded from continuing him under supervision pursuant to a special parole term because the statutes do not allow for re-parole to a second special parole term when the initial court-imposed special parole term has been revoked. Respondent filed an Answer on March 19, 1997, asserting that the Parole Commission does in fact possess such authority, pursuant to 21 U.S.C. § 841(c).[2]

### III. OPINION

The Sixth Circuit has not addressed the issue of whether the U.S. Parole Commission has the authority to impose additional special parole after it has revoked the original spe-

---

1. 18 U.S.C. § 4164, in effect at the time Petitioner was originally released from prison in March 1991, provided:

   A prisoner having served his term or terms less good-time deductions shall, upon release, be deemed as if released on parole until the expiration of the maximum term or terms for which he was sentenced less one hundred and eighty days.

2. Repealed in 1984 but applicable to criminal offenses committed before November 1, 1987, 21 U.S.C. § 841(c) provides:

   A special parole term imposed under this section [citations omitted] of this title may be revoked if its terms and conditions are violated. In such circumstances the original term of imprisonment shall be increased by the period of the special parole term and the resulting new term of imprisonment shall not be diminished by the time which was spent on special parole. A person whose special parole term has been revoked may be required to serve all or part of the remainder of the new term of imprisonment. A special parole term provided for in this section [citations omitted] shall be in addition to, and not in lieu of, any other parole provided for by law.

cial parole for violations. However, other Circuits have addressed the issue with a resulting split of authority.

The Courts of Appeals for the District of Columbia and the Eighth Circuit have held that a special parole violator may be returned to further supervision as a special parolee after the special parole term is revoked. *United States Parole Commission v. Williams,* 54 F.3d 820 (D.C.Cir.1995); *Billis v. United States,* 83 F.3d 209 (8th Cir.1996), *cert. denied,* — U.S. —, 117 S.Ct. 252, 136 L.Ed.2d 179 (1996). The decisions in those cases are based on the determination that 28 C.F.R. § 2.57—which provides for reparole after a special parole term is revoked—is a reasonable interpretation of 21 U.S.C. § 841(c), which does not explicitly refer to reparole.

As the D.C. Circuit stated in *Williams:*

The district court's other reason for issuing the writ—that the Commission may not reparole a defendant after revoking special parole and ordering imprisonment for part of the remaining term—misconstrues § 841(c). The Commission's authority to revoke a special parole term is unquestioned. When it does so, the Commission must impose a new term of imprisonment—in the words of § 841(c), "the original term of imprisonment shall be increased by the period of the special parole term and the resulting new term of imprisonment shall not be diminished by the time which was spent on special parole." But § 841(c) also permits the Commission to require the revoked parolee to serve only "part of the remainder of the new term of imprisonment." When the Commission so orders [as in the case at bar], that is, when the parolee is imprisoned for less than the full term of imprisonment ... [five years], what happens to the balance of the mandatory "new term of imprisonment"?

The Commission's answer, contained in the regulation issued pursuant to 18 U.S.C. § 4203(a)(1), is that the parolee may be placed back on special parole—reparoled—for the balance. Hence, 28 C.F.R. § 2.57(c) provides, in part:

Should a parolee violate conditions of release during the Special Parole Term he will be subject to revocation on the Special Parole Term as provided in § 2.52, and *subject to reparole or mandatory release under the Special Parole Term* ....

\* \* \* \* \* \*

These regulations, and the interpretation of § 841(c) they contain, are consistent with the fact "prior to the sea change instituted by the Sentencing Reform Act, it was widely understood that any of the existing forms of non-detentive monitoring [including parole] could follow a post-revocation sentence of imprisonment."

*United States Parole Commission v. Williams,* 54 F.3d 820, 823–24 (D.C.Cir.1995) (citations omitted) (emphasis added).

Thus, concluded the D.C. Circuit in *Williams,* upon revocation of special parole, the U.S. Parole Commission was within its authority to reparole an individual. Id. at 834. The Eight Circuit agreed with the reasoning of the *Williams* Court, finding its holding the "most consistent with the language of § 841(c)". *Billis v. United States,* 83 F.3d 209, 211 (8th Cir.1996), *cert. denied,* — U.S. —, 117 S.Ct. 252, 136 L.Ed.2d 179 (1996). This Court agrees with the reasoning, analysis, and result as set forth in *Williams* and *Billis,* and hereby adopts it as the holding of this Court in the case at bar.

The Third, Fifth and Seventh Circuits, have taken the contrary position, i.e., the Parole Commission lacks authority to reimpose special parole after revoking a parolee's initial term. *Fowler v. United States Parole Commission,* 94 F.3d 835 (3rd Cir.1996); *Artuso v. Hall,* 74 F.3d 68 (5th Cir.1996); *Evans v. U.S. Parole Commission,* 78 F.3d 262 (7th Cir.1996).

Those circuits relied upon a line of cases interpreting a different statute, 18 U.S.C. § 3583(e)(3), which authorized a court to revoke a term of supervised release and require the parolee to serve in prison all or part of the term of supervised release without credit for time previously served on post-release supervision. The courts reasoned that the word "revoke" in § 3583 meant to "cancel or rescind," therefore depriving the court of authority to impose a second period of supervised release after revoking the first

term.[3] *United States v. Holmes,* 954 F.2d 270, 272 (5th Cir.1992); *See United States v. Malesic,* 18 F.3d 205, 206–7 (3rd Cir.1994); *United States v. McGee,* 981 F.2d 271, 274 (7th Cir.1992). The Sixth Circuit has held that a district court does not have the authority under 18 U.S.C. § 3583(e) to impose an additional term, once a term of supervised release has been revoked.[4] *United States v. Truss,* 4 F.3d 437, 438 (6th Cir.1993).

However, Respondent argues, and this Court agrees, that the line of cases which interpret the supervised release statute, 18 U.S.C. § 3583(e), and the meaning of the word "revoke," should not be used to interpret § 841(c). Relying on this line of cases is inappropriate since those cases interpret an amendment to a different statute enacted sixteen years later, as part of a determinate sentencing system. Just because some courts have held that a district court does not have authority under *18 U.S.C. § 3583(e)* to impose an additional term of supervised release once a term of supervised release has been revoked, it does not necessarily follow that a completely different statute—*21 U.S.C. § 841(c)*—should be interpreted the same way to prohibit successive terms of *special parole.* As the government correctly points out, it is improper to apply case law interpreting the supervised release provisions of 18 U.S.C. § 3583(e) of the Sentencing Reform Act of 1984, to the parole provisions of 21 U.S.C. § 841(c), enacted as part of the Comprehensive Drug Abuse Prevention and Control Act of 1970.

Respondent further argues since 21 U.S.C. § 841(c) is ambiguous[5], the Parole Commission's interpretation of the statute as stated in 28 C.F.R. § 2.57(c)[6] is entitled to deference. § *Chevron v. Natural Resources Defense Council,* 467 U.S. 837, 842–43, 104 S.Ct. 2778, 2781–82, 81 L.Ed.2d 694 (1984). The Court agrees and finds 28 C.F.R. § 2.57(c), and the Commission's interpretation of § 841(c), the most consistent and logical resolution of an ambiguous statute. Moreover, an interpretation of § 841(c) preventing successive terms of reparole frustrates the policy objective of the special parole term because it limits the Commission's authority to monitor repeat violators on extended supervision terms.

The Court will follow the D.C. and Eighth Circuit Court of Appeals in holding that the U.S. Parole Commission has the authority to impose another term of special parole after the original one has been revoked, pursuant to 21 U.S.C. § 841(c) and 28 C.F.R. § 2.57(c). Therefore, to the extent that the Parole Commission regulations sanction the imposition of a second term of special parole, they are permissible. Accordingly, petitioner's writ of habeas corpus is DENIED.

IT IS SO ORDERED.

---

3. Title 18 was amended to permit successive terms of supervised release. 18 U.S.C. § 3853(h).

4. The following circuits reached the same conclusion as the Third, Fifth and Seventh Circuits, i.e., 18 U.S.C. § 3583(e) does not allow for the imposition of a second term once supervised release is revoked: *United States v. Koehler,* 973 F.2d 132 (2d Cir.1992); *United States v. Cooper,* 962 F.2d 339 (4th Cir.1992); *United States v. Behnezhad,* 907 F.2d 896 (9th Cir.1990); *United States v. Rockwell,* 984 F.2d 1112 (10th Cir.), *cert. denied,* 508 U.S. 966, 113 S.Ct. 2945, 124 L.Ed.2d 693 (1993); *United States v. Tatum,* 998 F.2d 893 (11th Cir.1993); *But see United States v. O'Neil,* 11 F.3d 292 (1st Cir.1993); *United States v. Schrader,* 973 F.2d 623 (8th Cir.1992).

5. Section 841(c) is ambiguous because it permits the Commission to require a revoked parolee to serve only part of a term of imprisonment imposed as a result of violating parole, without specifying what happens to the balance of the term of imprisonment.

6. 28 C.F.R. § 2.57(c) provides, in pertinent part: Should a parolee violate conditions of release during the Special Parole Term he will be subject to revocation on the Special Parole Term as provided in § 2.52, and subject to reparole or mandatory release under the Special Parole Term.
28 C.F.R. § 2.52(b) states, in relevant part: If parole is revoked ... the Commission shall also determine ... whether reparole is warranted or whether the prisoner should be continued for further review.